## IN THE MATTER OF BROOKS.
### (SUPREME COURT DISCIPLINARY NO. 105)

PER CURIAM.

This disciplinary proceeding by the State Bar of Georgia against Robert D. Brooks arose from the purchase of a used car by Brooks from a Baptist minister, Reverend Gerald E. Fincher. As a result the State Disciplinary Board has recommended Brooks be disbarred.

Upon answering Rev. Fincher's newspaper advertisement and after inspecting the car, attorney Brooks agreed on April 25, 1977, to purchase the car by assuming the outstanding loan owed to an Alabama bank. In negotiations, he represented himself as an attorney, gave his business card to Rev. Fincher, produced a bill of sale to cover the transaction, and told Rev. Fincher that, since he handled such things all the time, he would handle the assumption of the loan. Brooks agreed that Rev. Fincher would be relieved from any further responsibility for the debt. Rev. Fincher testified that he offered to have an attorney, whose office was across the street from his church, look at the bill of sale, but was told by Brooks that that was unnecessary because he was a lawyer and would take care of it.

Brooks never made the necessary arrangements with the Alabama bank and never contacted Rev. Fincher, but continued to drive or secrete the car.[1] Shortly thereafter, because of financial difficulties, Brooks closed his office in Tucker and left no forwarding telephone number or address. Rev. Fincher continued payments on the note from May 15, 1977, until September, 1978.[2]

Rev. Fincher did, however, hire an attorney and criminal and civil proceedings were commenced against Brooks in the fall of 1977. The sequence of events and exchange of letters between Brooks and Rev. Fincher's attorney are more fully reported in *Brooks v. Fincher,*

---

[1] Several days after the purchase, Brooks was jailed in Morgan County for failing to pay child support. When released, he called the Alabama bank and learned that the loan was not assumable by an out-of-state party. He never contacted Rev. Fincher to this effect, but continued to use the car. Later, he placed the car in storage where it remained until 1979.

[2] Brooks' sister's corporation purchased the note from the Alabama bank and foreclosed on the car in 1979. It is now driven by his mother.

150 Ga. App. 201 (257 SE2d 326) (1979), affirming a money judgment for conversion against Brooks for $3500 in Rev. Fincher's civil action against him.

On the basis of the civil case, the State Bar initiated this disciplinary proceeding against Brooks. After hearing, the Special Master made extensive findings of fact and conclusions of law, which were adopted by the State Disciplinary Board. The Board recommends disbarment; Brooks has filed 10 exceptions, the majority of which center around the applicability of Standard 4.

1. The complaint against Brooks alleged the basic facts set forth above concerning the sale of the automobile and charged Brooks with violation of Standard 4.

Standard 4 provides as follows: "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation. A violation of this standard may be punished by disbarment." Rules and Regulations of the State Bar, 241 Ga. 643, 722 (1978), *as amended,* 243 Ga. 875 (1979), 247 Ga. 899 (1981). Brooks argues that there was no professional relationship between himself and Rev. Fincher and hence no "professional conduct" within the meaning of Standard 4.

Numerous standards (e.g., 21, 18, 30-37, 39, 40, 44-48) govern a lawyer's relationships with his clients and with others on behalf of his clients. Standard 4 uses the words "professional conduct," not the word "client," and thus we find that Standard 4 is not necessarily dependent upon the existence of a client relationship.

Brooks urges that his conduct was that of a car buyer, not that of a lawyer engaged in his profession. In his findings of fact and conclusions of law, the Special Master found as follows: "I, therefore, conclude that the facts shown in the record and particularly those relating to [Brooks'] preparing the bill of sale and inserting the necessary information in the blank spaces he had provided, introducing himself as an attorney, presenting his professional card, and agreeing to handle the loan assumption with the bank were sufficient 'professional conduct' to fall within the scope of Standard 4." We agree. Brooks agreed as part of the transaction that he would handle assumption of the loan and that Rev. Fincher would be relieved of any further responsibility for the debt. Brooks told Rev. Fincher that he was an attorney and handled such matters, and dissuaded Rev. Fincher from consulting a nearby attorney concerning the sale.

Conversely, if Brooks were merely a car buyer his emphasis of and reliance on his professional status and abilities were unnecessary. We conclude that the evidence authorized the finding that Brooks' conduct amounted to "professional conduct" within the meaning of

Standard 4.

The Special Master found further that Brooks was in financial difficulty on the date of the sale, that after he learned that the loan assumption was not possible he failed to notify Rev. Fincher, that he concealed himself and the car and withheld it from Rev. Fincher, and that he converted the car to his own use without making any payments on it.

We need not decide in this case precisely when the conversion occurred. Suffice it to say that it did occur. Brooks' dishonesty, deceit and wilful misrepresentations in converting the car are sufficiently related to his "professional conduct" to authorize the proceedings and findings against him.

The Special Master therefore did not err in overruling Brooks' motion to dismiss the complaint for failure to state a claim, did not err in overruling Brooks' motion for judgment on the pleadings, did not err in overruling Brooks' motion for summary judgment, did not err in overruling Brooks' motion for directed verdict, and did not err in finding him guilty of violating Standard 4.

2. In four enumerations of error Brooks challenges the procedures used in instituting this proceeding and the finding of probable cause by the State Disciplinary Board. It is axiomatic under the criminal law that, after a trial, any defects in the findings of probable cause are not cause for relief from the judgment. Gerstein v. Pugh, 420 U. S. 103, 119 (95 SC 854, 43 LE2d 54) (1975). For similar reasons we hold that after a lawyer has been found guilty of violating our disciplinary rules, we will not review the sufficiency of the evidence to determine whether there was probable cause to initiate the disciplinary proceeding. Therefore, we need not reach these enumerations of error. The formal complaint was sufficient to inform Brooks of the reasons for the disciplinary action against him.

3. Brooks complains that the Special Master erred in admitting evidence that Brooks forged his sister's name as notary public on the bill of sale between him and Rev. Fincher. He contends this was irrelevant and extraneous character evidence, which was improperly admitted to his detriment, contrary to Code Ann. § 38-202.[3] We find no error. The question whether Brooks himself signed his sister's name as notary was addressed to Brooks while on cross-examination by the State Bar. He objected to the question on the grounds of Code Ann. § 38-202, supra. He also objected on the ground it would tend to

---

[3] "The general character of the parties, and especially their conduct in other transactions, are irrelevant matter, unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

incriminate him and the Special Master sustained the objection on this ground. Brooks was not required to answer the question.

4. The recommendation of the Disciplinary Board is hereby adopted. It is ordered that Robert D. Brooks be stricken from the roll of attorneys allowed to practice law in this state.

*It is so ordered. All the Justices concur.*

DECIDED JUNE 22, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Victor Alexander, Jr., Assistant General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Robert D. Brooks,* pro se.