## IN THE MATTER OF DENNIS.

(SUPREME COURT DISCIPLINARY NOS. 195, 204)

PER CURIAM.

The State Disciplinary Board brought a proceeding seeking the disbarment of Donald Dennis. No response was filed by Dennis, and nothing was offered in mitigation, whereupon the following circumstances are established by default: Dennis was retained by clients in 1976 to bring an action against a bank and a government agency, and paid the sum of $2,500. Other advances were made to defray alleged discovery costs. Dennis represented to his clients that he had obtained a summary judgment, which was appealed, and that the appeal was delayed because of the illness of an appellate judge.

The fact is that no judgment was entered in favor of Dennis' client, but that Dennis voluntarily dismissed certain defendants in January of 1978, and the entire proceeding was dismissed in the following month. After the dismissal, Dennis continued to misrepresent to his clients that the appeal was still pending. Thereafter, he refused to appear for several appointments, and refused to deliver documents belonging to his clients to an attorney retained to represent them, and to account for sums of money paid him by his clients.

The State Disciplinary Board recommended disbarment, and we agree. The conduct reflected demonstrates an abandonment of a client's cause, followed by a continuing series of misrepresentations, all in flagrant violation of Standards No. 4, 22 (b), 44 and 65 of Bar Rule 4-102.

In Supreme Court Docket No. 195, respondent was charged, in Count II, with a violation of Standard 4 of Rule 4-102 in that, having been retained by one of the individuals he represented in the preceding matter to file a personal injury lawsuit, he continued to assure his client that suit had been filed when, in fact, no action had been initiated on his behalf. Additionally, Dennis failed to meet with his client or otherwise communicate with him, and to return upon request documents belonging to his client.

The record in this case is amply sufficient to establish a flagrant violation of Standards Nos. 4, 22 (b), 44 and 65 of Bar Rule 4-102. In accordance with the recommendation of the State Disciplinary Board, respondent is hereby disbarred.

*All the Justices concur.*

DECIDED JULY 8, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Bridget P. Beisner, Assistant General Counsel State Bar,* for State Bar of Georgia.
*Donald Dennis,* pro se.