## IN THE MATTER OF BURGER.
(SUPREME COURT DISCIPLINARY NOS. 185, 192, 201)

PER CURIAM.

In Case No. 185 the State Bar filed a formal complaint against attorney George Ralph Burger alleging a violation of Standard 65 of Georgia Bar Rule 4-102. It was contended that Burger represented a client in a claim for personal injuries resulting in a settlement. The client subsequently died. Despite requests, Burger failed to account to the administratrix of his deceased client's estate for proceeds recovered pursuant to the settlement.

The State Bar filed a notice to produce documents and sought to take the deposition of Burger in order to discover the details of the representation of the client. Burger refused to respond to the discovery. After the appropriate motions to compel, the Special Master ordered Burger's answer to the complaint stricken and the allegations of the complaint deemed admitted.

The State Disciplinary Board recommended disbarment.

In Case No. 192 the formal complaint alleged that Burger was retained by a client to represent her in a number of matters including the settlement of her late husband's estate, and the sale of a house. It was alleged that the house was sold by Burger but the proceeds were unaccounted for; the estate has not been administered; and, Burger has refused to respond to efforts to communicate. Violations of Standards 44, 63 and 65 of Georgia Bar Rule 4-102 were alleged.

Again, Burger refused to permit discovery resulting in the striking of his answer, and the Board recommended disbarment.

In Case No. 201 the Special Master found Burger failed to complete an adoption for which he was paid $4500 attorney fees plus $2000 to be used as medical expenses. The clients received an infant child July 17, 1980 and were assured by Burger the adoption would be completed in approximately three months. At a hearing before the Special Master Burger testified he had drawn up the necessary papers and had gotten the necessary "affidavits and everything." He testified specifically he had gotten a termination of parental rights form signed. At a later hearing he testified he had not gotten the signature of the putative father.

The Special Master found a violation of Standard 44 of Rule 4-102, wilful neglect of a legal matter. The Special Master and the

State Disciplinary Board recommended disbarment.

An amendment to the Special Master's report indicates that Burger made an unsworn statement asserting he has recently delivered documents sufficient to complete the adoption to newly retained counsel for the adopting parents.

We follow the recommendations of the Disciplinary Board. This we do regardless of the truth of the matter asserted in the amendment to the report of the Special Master in Case No. 201. George Ralph Burger is hereby disbarred and his license to engage in the practice of law is terminated.

*It is so ordered. All the Justices concur.*

DECIDED SEPTEMBER 23, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia (no. 185).

*Omer W. Franklin, Jr., General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia (nos. 192, 201).

George Ralph Burger, *pro se.*