## IN THE MATTER OF GROSS.
### (SUPREME COURT DISCIPLINARY NO. 309)

PER CURIAM.

Mitchell A. Gross, a member of the State Bar of Georgia, petitioned the State Disciplinary Board, pursuant to State Bar Rule 4-203(i), for voluntary discipline. The petition alleged that a former client, Marian Diane Moore, had filed a memorandum of complaint, charging him with withholding payment from two creditors of his client for a period of eight months. The respondent's petition admitted the truth of the client's allegations; alleged that he had believed that there were insufficient funds in his trust account for his client to make said payments; and admitted that his conduct was detrimental to his client and in violation of Standard 65 of State Bar Rule 4-102. In mitigation, the respondent alleged that he was unaware of his client's contention of payment of $500 to him until he received her response to his answer to her complaint; that, upon

verifying receipt of said funds, he had immediately issued a check to her for the amount of the balance of his trust account for her, and had apologized to the collection departments of the two creditors, explaining that the failure to pay them was solely his fault, and not his client's; that the failure to account for his client's funds was totally inadvertent and resulted from an error in bookkeeping; that he has learned a valuable lesson from this transaction; and that he has taken steps to initiate a bookkeeping system in his office which will prevent a recurrence of such an error. He attached as an exhibit to his petition, his affidavit, giving details of the transaction. He submitted that the appropriate discipline to be imposed under the circumstances is a private letter of admonition from the State Bar of Georgia.

In response to the recommendation of the office of general counsel of the State Bar of Georgia, that the petition for voluntary discipline be accepted, the respondent filed a petition for reconsideration, alleging substantially as follows. The general counsel's office had notified him that the State Disciplinary Board had decided that a public reprimand of the respondent would be recommended. Meanwhile, the respondent has been advised that his former client has withdrawn her complaint and indicated her satisfaction with the efforts and services of the respondent while he was her attorney. A public reprimand would be excessive because, in addition to mitigating circumstances previously alleged: (a) all work done for the complainant-former client was pro bono; (b) respondent had voluntarily waived a contingent-fee contract with the complainant entitling him to $5,000 for the client's original lawsuit, and had convinced the complainant's previous three attorneys in that lawsuit to do the same; (c) that, with the exception of $107.25, all funds received by the respondent were disbursed within three days of their receipt to the complainant's various creditors; (d) that, despite nearly a year and a half of communication between the respondent and his former client, no mention was ever made of the $500 which the respondent had received from her. The respondent requested that there be imposed either a private letter of admonition or a private reprimand, and, if neither of these be imposed, that in the alternative he be allowed to withdraw his petition for voluntary discipline.

The State Disciplinary Board accepted the petition for voluntary discipline and recommended that the respondent be given a public reprimand. In its recommendation, the Board noted that the respondent had failed to produce, as requested by State Bar counsel, written evidence of complainant Moore's request that her complaint be dismissed (one of the alleged mitigating factors urged by the respondent).

We find no harmful error in these proceedings. The discipline recommended by the State Disciplinary Board is authorized by the evidence. We adopt this recommendation and order that Mitchell A. Gross be publicly reprimanded in the superior court of the county of his residence.

*It is so ordered. All the Justices concur.*

DECIDED SEPTEMBER 9, 1983.

*Omer W. Franklin, Jr., General Counsel State Bar, George E. Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.