## IN THE MATTER OF BALDWIN.
(SUPREME COURT DISCIPLINARY NO. 284)

PER CURIAM.

Leroy Baldwin, a member of the State Bar of Georgia, was charged in a formal complaint by the State Disciplinary Board with violation of Standards 44, 61, and 65 of Rule 4-102 (Code Ann. Title 9 Appendix) in Part IV (discipline) Chapter I of the rules and regulations of the State Bar of Georgia, 219 Ga. 873 et seq. as recodified in 241 Ga. 143 et seq. A Special Master was appointed and it appears the respondent failed to file an answer to the State Bar's formal complaint within thirty days as provided by Rule 4-212 (Code Ann. Title 9 Appendix) and did not request an extension of time within which to file an answer, and a motion for default judgment was granted to the State Bar of Georgia. An oral motion by the respondent to open default was denied.

In his Report the Special Master made findings of fact and conclusions of law. The Report reflects that the respondent violated Standard 44 of Georgia Bar Rule 4-102 (Code Ann. Title 9 Appendix)

in that he was retained by a client to file suit against a hospital for the wrongful death of her child. It was found that the respondent wilfully disregarded the legal matter which had been entrusted to him resulting in the client being unreasonably delayed in the pursuit of her claim and in fact losing her opportunity to litigate the merits of her claims against the potential defendant in a court of law.

The Report also reflects that the respondent violated Standards 61, 63, and 65 of Georgia Bar Rule 4-102 (Code Ann. Title 9 Appendix) in that he accepted money from another client to be held in escrow for a payment due a bank. The bank refused payment and the client requested refund of the money. The respondent not only did not refund the money but also failed to maintain complete records of all funds coming into his possession and to promptly render appropriate accounts to his client. He failed to maintain a trust fund, commingled the client's funds with his own, and used the funds withdrawn from such accounts for his own personal use, the same not being earned attorney fees. The Special Master concluded the Report with a recommendation that the respondent be disbarred.

We also find from the record that respondent was previously disciplined by the State Disciplinary Board by a formal letter of admonition dated December 18, 1978.

The Special Master's Report was accepted and adopted by the State Disciplinary Board, and after reviewing the entire record as forwarded this court accepts and adopts the report along with the recommendation that the respondent be disbarred.

It is ordered that Leroy Baldwin be disbarred from the practice of law in the State of Georgia and his name be stricken from the rolls of attorneys.

*All the Justices concur.*

DECIDED JANUARY 26, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.