IN THE MATTER OF SHERMAN S. BARGE.
(SUPREME COURT DISCIPLINARY NO. 369)
(336 SE2d 252)

PER CURIAM.

Respondent in this disciplinary proceeding was found by the Special Master to have violated Standards 4, 44, 61, 63, and 65 of Rule 4-102 of the Rules and Regulations of the State Bar of Georgia. Violation of any of these standards may be punished by disbarment.

Barge represented Ms. Susie Brown (now Spence) in an action on a personal injury claim against a defendant insured by Southeastern Fidelity Insurance Company. The fee arrangement between Barge and Ms. Spence was that he would receive one-third of any sum collected. Although a suit was filed, the matter was settled and in December 1978 an insurance draft was mailed to Barge along with a dismissal and a release. Barge cashed the draft in December. There is some confusion in his testimony about what he did with the money after that. At one point he said he bought a money order for the two-thirds for Ms. Spence. At another point he testified that he bought a cashier's check payable to both himself and Ms. Spence. He signed the dismissal of the complaint with prejudice and filed it January 5, 1979. He also mailed the release to Ms. Spence for signature a few days later. She testified that he never told her that he had received the money. Barge testified that at the time he sent the release to Ms. Spence he offered her the money, which she refused.

Ms. Spence testified to her attempts during the next several years to find out the status of her case. Finally, in January 1983, approximately four years after Barge cashed the insurance draft, he wrote to Ms. Spence telling her of the settlement. In March she had still not received any money and upon contacting Barge was told that

she would be receiving money in installments. Subsequently she asked for the name of the insurance company and was told "Travelers." She was given a case number and attorney's name but was unable to obtain any information based on this information. In August 1983, Ms. Spence filed a complaint with the State Bar of Georgia. In January 1984, more than five years after Barge received the settlement money, he finally paid Ms. Spence her share.

The Special Master found that Barge made wilful misrepresentations to his client and abandoned and disregarded the legal matter entrusted to him by failing to deliver settlement proceeds to her for several years. He failed to promptly deliver settlement proceeds to her or to account to her for these funds. Finally, he failed to maintain records of funds collected on his client's behalf or to maintain a trust account for deposit of client funds.

The State Disciplinary Board, after adopting the Special Master's findings of fact and conclusions of law, recommended that Barge be suspended from the practice of law for two years. The State Bar filed an exception to the recommendation of the State Disciplinary Board, contending that disbarment is the only appropriate sanction for Barge's serious misconduct. The State Bar contends that this case is closely analogous to *In the Matter of Chance*, 246 Ga. 696 (272 SE2d 686) (1980), in which an attorney whose misconduct was very similar to that of Barge was disbarred. See also *In the Matter of Bianco*, 253 Ga. 416 (320 SE2d 760) (1984); *In the Matter of Baldwin*, 252 Ga. 57 (311 SE2d 459) (1984); *In the Matter of Burger*, 249 Ga. 820 (295 SE2d 103) (1982); *In the Matter of Dennis*, 249 Ga. 647 (292 SE2d 854) (1982); *In the Matter of Brooks*, 249 Ga. 556 (292 SE2d 686) (1982); *In the Matter of Mykel*, 249 Ga. 406 (291 SE2d 524) (1982).

As the State Bar points out, this case, involving as it does the mishandling of a client's property, goes to the very heart of the fiduciary relationship and, beyond that, to the heart of the issue of public trust of the profession. The serious misconduct of the attorney here justifies imposition of the most serious sanction, disbarment. We therefore order that Sherman S. Barge be disbarred from the practice of law in this state.

*Disbarred. All the Justices concur, except Smith and Bell, JJ., who dissent and Weltner, J., not participating.*

DECIDED NOVEMBER 20, 1985.

*William P. Smith III, General Counsel State Bar, Bridget B. Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.

*P. Andrew Patterson, Jr.,* for Barge.