IN THE MATTER OF ROBERT A. MEIER.
(SUPREME COURT DISCIPLINARY No. 333)
(344 SE2d 212)

PER CURIAM.

Robert A. Meier was retained in 1982 by Mrs. Willa Dean Raybon to represent her son Dennis Batts on criminal charges. Mrs. Raybon paid Mr. Meier a $500 retainer. After plea bargaining the Fulton County District Attorney informed Meier that he would recommend 12 years to serve. Meier told Mrs. Raybon that if he could show that Batts was participating in a drug rehabilitation program, this might influence the court to impose a lighter sentence. He also told her that he needed $500 for expenses connected with enrolling Batts in Reality House, a rehabilitation center. Mrs. Raybon gave Meier a signed check for $500 with the payee left blank. It was cashed with the name of Guy Dozier, who was at one time employed by Reality House, entered as payee. Mr. Dozier never received nor negotiated the check.

In November 1982, Batts entered a guilty plea to all charges. Sentencing was deferred. A great deal of confusion occurred concerning the sentencing hearing. Mrs. Raybon testified that she learned

that sentencing would be February 14, 1983. After much difficulty she located Meier who told her that the sentencing had been scheduled the previous week and that he had had Dozier and another witness from Reality House present to testify but that he could not proceed due to the absence of Batts. The February 14 sentencing was continued because Meier did not have witnesses or documentation. On February 21, 1983, Batts, who had meanwhile enrolled in Reality House, was sentenced to 9 years. Meier was present but had no witnesses or documentation.

Mrs. Raybon discharged Meier and filed a complaint against him. She testified that he admitted that he had cashed the check to Dozier and offered to return the money to her. The State Bar brought charges that Meier violated Rule 4-102, Standards 3, 4, 44, 63 and 65.

After an evidentiary hearing at which Meier refused to testify, the Special Master found no evidence that Meier engaged in professional conduct involving moral turpitude. Therefore, the Special Master found no violation of Standard 3, Rule 4-102. He also found no violation of Standard 4, Rule 4-102, which prohibits professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation, in that although Meier did not have witnesses from a drug rehabilitation program at the sentencing hearing as he had originally promised, the witnesses were in fact unnecessary since Batts had already enrolled in a drug treatment program. Also, the Special Master found no abandonment of the client which could amount to a violation of Standard 44 of Rule 4-102.

Because of his failure to account for the check which Mrs. Raybon gave him, the Special Master found that Meier violated Standard 63, Rule 4-102. However, because he found that the identity of the actual recipient of the funds was not established, and because he found no evidence of commingling, the Special Master found no violation of Standard 65, Rule 4-102.

The State Bar excepted to the Special Master's findings of no violation of Standards 3, 4, 44 and 65. The State Bar complained that the Special Master failed to take into consideration the refusal of Meier to testify in his own behalf, arguing that since a bar disciplinary case is a civil proceeding, when a witness invokes a privilege against self-incrimination, an adverse inference may be drawn. *Simpson v. Simpson*, 233 Ga. 17 (209 SE2d 611) (1974); *Hathcock v. Hathcock*, 249 Ga. 74 (287 SE2d 19) (1982).

The State Disciplinary Board recommended that Meier be found to have violated Bar Rule 4-102, Standards 3, 4, 63, 65 and that he be suspended for two years. The State Bar urges that he be disbarred.

Meier objects that the Disciplinary Board made its recommendation based on a cold record and that the recommendations of the Special Master, who was the trier of fact and in a position to observe the

witnesses and hear their testimony, were not followed. He also contends that while his attorney was not allowed to be present at the meeting of the State Disciplinary Board at which the recommendations of the Special Master were considered, the attorney for the State Bar was present. He complains that the State Disciplinary Board would not reconsider its recommendations in light of new evidence found by respondent concerning his fee arrangement. Finally, Meier urges that a two-year suspension is an inappropriately severe pun- ishment.

The supplemental record in this case contains affidavits from the attorney for the State Bar and the Chairman of the State Disciplinary Board which show that the attorney for the State Bar was not present while the board deliberated. At this stage of the proceedings, the State Disciplinary Board functions as a reviewing body which reviews and acts upon the report of the Special Master. Due process does not require either the presence of parties or attorneys for parties or the presentation of new evidence.

The State Bar in its reply points out that there is no evidence in the record to support Meier's allegation that he considered the $500 an attorney fee. The State Bar responds to his claim that new evidence of the fee arrangement entitles him to a rehearing by noting that the allegedly new evidence, the affidavit of two witnesses to the fee arrangement, was available from the outset of the proceedings against Meier.

Meier complains that the punishment recommended by the State Disciplinary Board is too severe. He relies on *In the Matter of Antinoro*, 253 Ga. 296 (319 SE2d 460) (1984); *In the Matter of Sheplock*, 253 Ga. 293 (319 SE2d 457) (1984); *In the Matter of Kunin*, 252 Ga. 310 (313 SE2d 697) (1984); *In the Matter of Gaughen*, 251 Ga. 532 (307 SE2d 909) (1983); *In the Matter of Gross*, 251 Ga. 438 (306 SE2d 301) (1983); *In the Matter of Lotito*, 250 Ga. 537 (299 SE2d 559) (1983); and *In the Matter of Haupt*, 250 Ga. 422 (297 SE2d 284) (1982), in which attorneys received less severe discipline for infractions involving a client's money to support his argument that a two-year suspension is too severe. In *In the Matter of Sheplock* the violations were abandoning the client and failure to refund money for work never completed. Because of special circumstances Sheplock received a separate public reprimand for each of the two cases and was suspended until he made full restitution. *In the Matter of Kunin* involved an attorney's withdrawing a client's money from his trust account and applying it to his own use, arguing that the client owed him money for unpaid fees. Kunin was suspended from practice until all funds owed the client were returned. However, in that case there was an affidavit from the client that he felt that fee arbitration would resolve the dispute with Kunin. *In the Matter of Antinoro* also involves

withdrawal of funds from a trust account for personal use based on an argument that the attorney was entitled to a contingent fee. The attorney, who made restitution, was suspended for one year for violations of Standards 4 and 65. In *In the Matter of Haupt*, we found simply an error of judgment. In *In the Matter of Gaughen*, the attorney admitted submitting false vouchers and billings and made restitution. *In the Matter of Lotito*, also cited by Meier, does not involve mishandling of funds. *In the Matter of Gross* involved mitigating circumstances and complete restitution.

On the other hand *In the Matter of Barge*, 255 Ga. 177 (336 SE2d 252) (1985), was a matter in which an attorney withholding a client's settlement money for a period of five years was disbarred. Disbarment was also the punishment in *In the Matter of Bianco*, 253 Ga. 416 (320 SE2d 760) (1984); *In the Matter of Baldwin*, 252 Ga. 57 (311 SE2d 459) (1984); *In the Matter of Burger*, 249 Ga. 820 (295 SE2d 103) (1982); *In the Matter of Dennis*, 249 Ga. 647 (292 SE2d 854) (1982); *In the Matter of Brooks*, 249 Ga. 556 (292 SE2d 686) (1982); *In the Matter of Mykel*, 249 Ga. 406 (291 SE2d 524) (1982); *In the Matter of Chance*, 246 Ga. 696 (272 SE2d 686) (1980). *Bianco, Baldwin, Burger, Dennis*, and *Mykel* all involved attorneys against whom more than one complaint had been filed. *Barge* and *Chance*, however, are more closely analogous to the present case in that they involve misuse of trust funds of a single client. Both of these cases, however, involve an attempt to conceal use of the client's money over a long period of time with repeated misrepresentation. Here, where there was at least an offer to refund the money, disbarment does not seem appropriate. However, we agree with the Disciplinary Board that with the inferences which the Special Master should have drawn from Meier's refusal to testify, there is sufficient evidence to find that Meier entered Guy Dozier's name as payee to the check and endorsed the check. We find violation of Bar Rule 4-102, Standards 3, 4, 63, and 65 and agree that suspension for two years is appropriate punishment.

Based upon our review of the file, the Court accepts, concurs in and adopts the recommendation of the State Disciplinary Board. It is ordered that Meier be suspended from the practice of law for a period of two years. If complete restitution is not made within this time, then the suspension is to be continued until complete restitution has been made. This suspension shall be effective on June 15, 1986.

*All the Justices concur.*

DECIDED MAY 30, 1986 —
RECONSIDERATION DENIED JUNE 24, 1986.

*William P. Smith III, General Counsel State Bar, Bridget B.*

*Bagley, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Thomas C. Blaska,* for Meier.