## IN THE MATTER OF MITCHELL A. GROSS.
### (SUPREME COURT DISCIPLINARY NOS. 671, 695, 782)
#### (405 SE2d 34)

PER CURIAM.

In each of these three cases, the special master recommended disbarment and the review panel adopted the special master's findings of fact and conclusions of law and recommended disbarment.[1]

---

[1] In Case No. 671, the special master found that Gross violated Standard 4 by engaging in professional conduct involving dishonesty, fraud, or deceit; Standard 61 by failing to deliver funds to his clients promptly; Standard 63 by failing to maintain complete records of client funds and failing to render an accounting to his clients promptly; Standard 65 by commingling his clients' funds with his own; and Standard 68 by failing to respond to the State

Gross contends that there is insufficient evidence to support the findings and conclusions of the State Bar. In all three cases, his defenses include inadvertence, good faith, pro bono representation, withdrawal of complaints by clients, a trustless bookkeeper, mathematical ineptitude, and lack of actual losses by clients. The State Bar characterizes the three cases as constituting a pattern of conduct that involves commingling of funds and failing to maintain adequate records, as well as failing to cooperate with the State Bar during investigations.

In 1983, Gross petitioned the State Disciplinary Board for voluntary discipline in response to a complaint that he had withheld payment from two creditors of a client for a period of eight months. He admitted the truth of the allegation, stating in mitigation:

> that the failure to account for his client's funds was totally inadvertent and resulted from an error in bookkeeping; that he has learned a valuable lesson from this transaction; and that he has taken steps to initiate a bookkeeping system in his office which will prevent a recurrence of such an error. [*In the Matter of Gross*, 251 Ga. 438, 439 (306 SE2d 301) (1983).]

We have reviewed the voluminous record in these three cases and adopt the recommendation of the review panel. We order that Mitchell A. Gross be disbarred from the practice of law. Under State Bar Rule 4-219 (c), we order him to notify his clients of his disbarment, and to take all necessary actions to protect their interests.

*Disbarred. All the Justices concur.*

DECIDED JUNE 20, 1991 —
RECONSIDERATION DENIED JULY 9, 1991.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Paul B. Cohen, Assistant General Counsel State Bar,* for

---

Bar disciplinary authorities and State Bar counsel.

In companion Case No. 695, the special master found that Gross violated Standard 4 by engaging in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation; Standard 65 by either commingling his clients' funds with his own, or by withdrawing trust funds for his personal use, or both; and Standard 68 by failing to respond to State Bar disciplinary authorities and State Bar counsel.

In Case No. 782, the special master found that Gross violated Standards 4 and 65 in this transaction because he commingled his personal funds with trust funds, used trust funds for personal purposes, and failed to maintain "any semblance" of complete and accurate records. Although the tenants were not clients, this conduct affected Gross's duties to his clients for whom he was required to maintain trust funds. The special master found that Gross violated his discovery obligations under Standard 68.

State Bar of Georgia.
*Jane V. Schlachter,* for Gross.