S95A0033. IN RE SHERMAN S. BARGE.
(ADMISSIONS DOCKET NO. 136)
(448 SE2d 200)

PER CURIAM.

In 1985, petitioner was disbarred from the practice of law in this state. *In the Matter of Sherman S. Barge,* 255 Ga. 177 (336 SE2d 252) (1985). In 1989, petitioner filed this petition for reinstatement. After a hearing, the special master made findings of fact and conclusions of law and recommended that the petition for reinstatement be denied. The special master's findings, conclusions and recommendation were adopted by the review panel of the State Disciplinary Board. The record in this case was then forwarded to the Board to Determine Fitness of Bar Applicants. By way of a short letter, the Board to Determine Fitness advised petitioner and this court that there was clear and convincing evidence to support a contrary decision and that petitioner's application for certification of fitness to practice law had been approved. Petitioner now requests this court to approve his petition for reinstatement.

State Bar Rule 4-302 provides for the following reinstatement procedure:

The Investigative Panel shall cause an investigation to be conducted promptly, and the petition shall be assigned for hearing within a reasonable time either before the Investiga-

tive Panel or before such special master as may be designated by the Supreme Court. The hearing and further proceedings shall be in general accordance with the provisions of these Rules applicable to disciplinary proceedings. The Review Panel shall recommend to the Board to Determine Fitness of Bar Applicants whether the petition should be granted or denied. Such recommendation shall be binding on the Board to Determine Fitness of Bar Applicants except in those instances where, after an investigation, clear and convincing evidence is adduced which indicates such recommendation should not be accepted. In any event, the provisions of the Rules Governing Admission to the Practice of Law, Part A, with respect to investigations, conferences, hearing and appeals shall be complied with. *Provided, however, that in cases where the Review Panel has recommended reinstatement and the Board to Determine Fitness of Bar Applicants has concurred, the petition must be submitted to the Supreme Court for review.* The petitioner for reinstatement may not be finally certified as fit to practice law unless the petition is approved by the Supreme Court.

(Emphasis supplied.)

The above-emphasized sentence in Rule 4-302 is somewhat ambiguous. Standing alone, that sentence could be construed to provide for Supreme Court review of reinstatement petitions *only* in the event that both the review panel and the Board to Determine Fitness have concurred in a recommendation in favor of reinstatement. If that is true, there can be no review by this court of the instant reinstatement petition because the review panel and the Board to Determine Fitness have not concurred in a recommendation in favor of reinstatement. This would have the effect of depriving petitioner of any opportunity for reinstatement, because, as Rule 4-302 otherwise provides, there can be no reinstatement unless and until this court approves the petition.

However, such a construction would be contrary to the well-settled principle that " '(m)atters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of (this court).' [Cits.]" *In re Terese S. Oliver*, 261 Ga. 850, 851 (2) (413 SE2d 435) (1992). Under Georgia's system of attorney discipline, the ultimate decision on all questions, including reinstatement, has always been made by this court. *In the Matter of Johnson*, 244 Ga. 109, 110 (259 SE2d 57) (1979). This well-settled principle has not been changed by Rule 4-302. Rather, the intent of the above-emphasized sentence in Rule 4-302 is merely to make clear that, even where the petitioner

receives *favorable* decisions from both the review panel and the Board to Determine Fitness and there has been no opposition to reinstatement, the petition still must be submitted to this court for review. On the other hand, where, as here, the petitioner receives an *adverse* decision from either the review panel or the Board to Determine Fitness or both, he is implicitly entitled to secure an ultimate decision on his petition from this court. Accordingly, the instant petition is properly before this court for review.

However, the nature and form of the decision of the Board to Determine Fitness is of concern. Without more, we cannot determine from the Board's letter whether the decision reached by the Board complies with the substantive requirements of Rule 4-302. While there is no express requirement that the Board explain its decision, Rule 4-302 does provide that the review panel's

> recommendation shall be binding on the Board to Determine Fitness of Bar Applicants *except* in those instances where, after an investigation, *clear and convincing evidence* is adduced which indicates such recommendation should not be accepted.

(Emphasis supplied.) In order for us to review the Board's decision under the foregoing standard of proof and to make the ultimate ruling in this case, the Board should set forth the reasons for its disagreement with the review panel's recommendation. Therefore, pursuant to this court's inherent power in matters of attorney discipline and bar admissions, we remand this case to the Board to Determine Fitness with direction that it provide a written explanation of its decision not to accept the review panel's recommendation. We also take this opportunity to direct the Board to Determine Fitness to provide such a written explanation in all future cases wherein it declines to accept the review panel's recommendation regarding a petition for reinstatement.

*Case remanded with direction to Board to Determine Fitness of Bar Applicants. All the Justices concur.*

DECIDED SEPTEMBER 26, 1994.

Sherman S. Barge, *pro se.*

*Michael J. Bowers, Attorney General, Julia B. Anderson, Assistant Attorney General, Jenny K. Mittleman, Senior Assistant General Counsel State Bar,* for Board to Determine Fitness of Bar Applicants.