S95Y1987. IN THE MATTER OF CARL ALBERT JOHNSTON.
(468 SE2d 375)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against Carl Albert Johnston alleging violations of Standards 4, 30, 33, 61, 63, and 65 of Bar Rule 4-102 (d), in the course of his conduct as trustee of the trust established for a minor child as settlement of a legal matter. Respondent acknowledged service of the formal complaint but failed to respond within 30 days. The special master appointed in this matter found the facts alleged and violations charged to be deemed admitted by default.

The allegations established by default were that Respondent, after his appointment as interim trustee of the trust, failed to make an accounting thereof to the probate court as ordered; failed to make an accounting to the child's guardian; wrote checks from the trust fund payable to himself, which checks were accompanied by promissory notes from the company of which Respondent was president; failed to disclose his interest in the company to the probate court or to the child's guardian; and failed to obtain consent to his continued representation as trustee in light of his personal and financial interest in the trust's business transactions. In addition, the State Bar alleged in the formal complaint that much of the trust money paid to Respondent remains unpaid to the trust, and that while Respondent was trustee, at least one trust account check was returned to the bank for insufficient funds.

The review panel of the State Bar recommends that Respondent be disbarred because of the conduct described above, citing Standard 4.11, ABA Standards for Imposing Lawyer Sanctions (1991) (disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client). The review panel further recommends disbarment as the appropriate level of discipline because of the aggravating circumstances: the vulnerability of the victim, and Respondent's substantial experience in the practice of law. See ABA Standard 9.22 (h) and (i).[1]

We have reviewed the record and agree with and adopt the re-

---

[1] Although Respondent had filed a "Response to Findings of Fact and Recommended Disciplinary Action," his failure to answer the complaint nevertheless operates as an admission of the allegations and charges therein. Bar Rule 4-212 (a). Further, nothing in Respondent's "Response" indicates a denial of the general facts alleged in the formal complaint, nor offers any basis for imposing discipline less than disbarment.

view panel's recommendation. It is hereby ordered that Carl Albert Johnston be disbarred from the practice of law in the State of Georgia. It is further ordered that Carl Albert Johnston immediately cease the practice of law, and certify to this Court, within the time provided by Bar Rule 4-219 (c), that he has taken all actions necessary to protect the interests of his clients and that he has satisfied all the requirements of that Rule.

*Disbarred. All the Justices concur.*

DECIDED APRIL 8, 1996 —
RECONSIDERATION DENIED APRIL 25, 1996.

*William P. Smith III, General Counsel State Bar, Marie L. Mc-Carthy, Assistant General Counsel State Bar,* for State Bar of Georgia.