## S96Y0738. IN THE MATTER OF WILLIE E. ROBINSON.
(469 SE2d 190)

PER CURIAM.

The State Bar of Georgia filed a formal complaint against Willie E. Robinson alleging violations of Standards 4 and 65 of Bar Rule 4-102 (d) arising from his conduct as trustee of a trust established for a minor child as settlement of a legal matter.[1] Robinson answered the complaint, challenging the procedure against him. Nevertheless, he did not appear at the hearing set by the special master where the State Bar presented its case against him. The State Bar showed that during a three-year period, until he was removed as trustee, Robinson failed to make required accounting of trust funds, and converted substantial amounts of those funds to his own personal use. The foregoing acts constitute violations of Standards 4[2] and 65 (A) and (D).[3]

---

[1] The State Bar's complaint followed Robinson's Notice of Rejection of the Bar's Notice of Discipline against him. This Court initially disbarred Robinson on February 18, 1993 for failure to file a timely Notice of Rejection. Subsequently we vacated the order of disbarment, and, after an evidentiary hearing before a special master on the issue of service, we accorded Robinson an opportunity to respond to the Notice of Discipline. On Robinson's Notice of Rejection, this disciplinary proceeding continued pursuant to Bar Rule 4-208.4 with this Court's appointment of a special master and the State Bar's filing of a formal complaint.

[2] "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation."

[3] Standard 65 (A) and (D) provides, in pertinent part: "A lawyer shall not fail to account

We agree with the special master and review panel that Robinson's conduct mandates disbarment, both because of the severity of the infractions and because of further aggravating circumstances in this case. This sanction is consistent with that specifically authorized by the Standards,[4] with the recommendation of the American Bar Association's Standards for Imposing Lawyer Sanctions,[5] as well as our decisions in similar disciplinary matters.[6] We note the additional aggravating factors in this case including Robinson's dishonest motive, his refusal to acknowledge the wrongful nature of his conduct, the vulnerability of the victim, and Robinson's substantial experience in the practice of law.[7]

We find no merit to Robinson's challenges to the underlying proceedings and arguments that alleged defects invalidate the entire disciplinary proceeding against him.[8] Nor do we find merit to Robinson's defenses regarding alleged misconduct by the review panel or the State Bar.

For the foregoing reasons, it is hereby ordered that Willie E. Robinson be disbarred from the practice of law in the State of Georgia. It is further ordered that Willie E. Robinson immediately cease the practice of law, and, within the time provided, certify to this Court that he has taken all actions necessary to protect the interests of his clients and that he has satisfied all the requirements of Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

---

for trust property," and "[n]o funds shall be withdrawn from . . . [a] trust account for the personal use of the lawyer maintaining the account. . . ."

[4] See Standards 4 and 65 (A) and (D): "A violation of this standard may be punished by disbarment."

[5] See Standard 4.11, ABA Standards for Imposing Lawyer Sanctions (1991) (disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client).

[6] See *In the Matter of Johnston*, 266 Ga. 591 (468 SE2d 375) (1996) (conversion of trust funds and failure to make accounting of trust funds); *In the Matter of Royal*, 262 Ga. 717 (425 SE2d 650) (1993) (mishandling of funds of estate of which Respondent was executor, and failure to account for funds); *In the Matter of Meier*, 256 Ga. 72, 75 (344 SE2d 212) (1986) (a review of cases involving the mishandling of client funds).

[7] See ABA Standard 9.22 (b), (g), (h) and (i).

[8] These arguments include: that the Notice of Discipline was invalid; that the Chair of the review panel's order on Robinson's objections to the special master was untimely; that he was denied equal protection based on the differences between Bar Rule 4-212 and Bar Rule 4-208.4 (pertaining to extensions of time for filing an answer to a formal complaint and for the State Bar's filing of a formal complaint following a respondent's Notice of Rejection); that he was not given proper notice of the hearing before the special master; and that the State Bar failed to obtain an appropriate extension of time for filing the formal complaint pursuant to Bar Rule 4-208.4.

DECIDED APRIL 29, 1996.

*William P. Smith III, General Counsel State Bar, Marie L. Mc-Carthy, Assistant General Counsel State Bar,* for State Bar of Georgia.