S98Y0977. IN THE MATTER OF VALERIE ANNETTE REDDING.

(501 SE2d 499)

PER CURIAM.

This disciplinary matter is before the court on the special master's recommendation that Respondent Valerie Annette Redding be disbarred for violations of disciplinary Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 65 (A) (lawyer shall not commingle client's funds with his own nor fail to account for trust property) of Bar Rule 4-102 (d). The State Bar filed a Formal Complaint against Redding, which Redding answered. Because Redding responded to Requests for Admission propounded by the State Bar by invoking the Fifth Amendment of the United States Constitution to some 18 requests, and because such a response in a civil proceeding may result in an adverse inference being drawn by the factfinder, which applies in disciplinary proceedings (see *In the Matter of Robert A. Meier*, 256 Ga. 72 (344 SE2d 212) (1986)), her outright admissions and her admissions by virtue of invoking the Fifth Amendment constitute admission of the essential allegations of the charges against her. Accordingly, the special master granted the State Bar's motion for summary judgment in this case and the facts alleged and violations charged in the Formal Complaint are deemed admitted. Based on those admissions, we agree with the special master that Redding should be disbarred.

In 1995, Redding was sworn in as an Assistant Solicitor General ("ASG") of the State Court of Fulton County and assigned to prosecute criminal cases before Judge Mather. The policy in the Solicitor General's office prohibited ASGs from negotiating pleas in absentia unless directed to do so by the judge presiding over the case, the terms may be negotiated only with defendant's counsel, and ASGs were not permitted to take, possess or otherwise handle funds associated with pleas in absentia. The forms, fines and costs must be filed with the clerk in open court. The funds must be made payable to Fulton County and certified. Despite knowledge of this policy, Redding on two occasions took funds for pleas in absentia in violation of the rules. In the first instance she negotiated a plea in absentia over the telephone with a defendant, instructing him to wire the funds for the fines to her, not Fulton County. He did so and Redding received and kept the funds. She later had the defendant sign the plea in absentia form in her office and gave him a letter indicating payment of the fees. However, she never tendered the plea in absentia, nor did she tender any money for payment of fines and costs on his behalf. In the second case, Redding again instructed a criminal defendant to send a money order for fines for his traffic charges. He sent the money order payable to Fulton County, but after the Solicitor Gen-

eral's office received the money order via certified mail and gave it to Redding, she altered or caused to be altered the "pay to the order of" line from "Fulton County" to "Valerie Redding," endorsed the money order, and received and retained the proceeds. When asked about the defendant's case, Redding denied any knowledge and his case was placed on the dead docket. Redding never tendered a plea in absentia for him nor any money for the payment of fines and costs on his behalf.

We agree with the special master that disbarment is warranted as a result of Redding's violations of Standards 4 and 65 (A). We also agree with the special master that her conduct diminished both the public's trust in the profession and its trust in our courts and our laws. We note that Redding, in a position of trust, took advantage of two vulnerable pro se criminal defendants, thus violating the higher standard of public trust to which a public prosecutor is held. See Georgia Code of Professional Responsibility EC7-13 and DR7-103. Accordingly, she is disbarred from the practice of law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c) to timely notify all clients of her inability to represent them, to take all actions necessary to protect the interests of her clients, and to certify to this Court that she has satisfied the requirements of such rule.

*Disbarred. All the Justices concur.*

DECIDED JUNE 15, 1998.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.