304 Ga. 449
FINAL COPY

S18Z0774. IN THE MATTER OF HARRIET O'NEAL.

PER CURIAM.

Harriet O'Neal filed a waiver petition with the Board of Bar Examiners on November 30, 2017, asking that she be allowed to practice law in Georgia without sitting for the Georgia bar exam and without meeting the usual requirements for admission without examination. Specifically, O'Neal based her request for a waiver on her status as the spouse of an active member of the military who had been transferred here. The Board denied O'Neal's request,[1] and she now appeals this ruling. For the reasons set forth below, we vacate the Board's decision and remand with direction.

---

[1] In a letter dated January 22, 2018, the Board of Examiners denied O'Neal's waiver request, explaining:

> Having carefully reviewed your petition for waiver, the Board has determined it does not meet the applicable standard. The Board strictly enforces the eligibility requirements for admission to practice law in Georgia, as adopted by the Supreme Court of Georgia, and in this instance, concluded there was insufficient evidence of good cause for a waiver. Your petition for waiver, therefore, has been denied.

The record shows that O'Neal graduated from Louisiana State University Law School in 2014, took and passed the Louisiana bar exam, and was admitted to the practice of law in Louisiana in October 2014. Without more, O'Neal does not meet the general requirements for admission to the Georgia Bar on motion without examination, as outlined in the Rules Governing Admission to the Practice of Law, because (1) she passed the bar in Louisiana, which does not offer reciprocity with Georgia or any other state, and (2) she has not been "primarily engaged in the active practice of law" for the preceding five years, as she has only been a lawyer for three years. See Rules Governing Admission to the Practice of Law, Part C, Section 2 (b) and (e).[2]

---

[2] The applicable Rule provides:

In order to petition the Board of Bar Examiners to be admitted without examination, an attorney licensed in a state other than Georgia must meet the following eligibility criteria. The attorney:

(a) Must meet the educational eligibility requirements established in Part B, Section 4 of these Rules, including holding a first professional degree in law (JD or LL.B) from a law school approved by the American Bar Association;

(b) Has been admitted by examination to membership in the bar of the highest court of another United States jurisdiction which has reciprocity for bar admissions purposes with the State of Georgia; provided, however, that if the former jurisdiction of the applicant permits the admission of Georgia judges and lawyers upon motion but that jurisdiction's rules are more stringent and

For this reason, O'Neal requested a waiver of these requirements, citing the Board's waiver policy for military spouses.[3] As set forth by the Board, this

exacting and contain other limitations, restrictions and conditions, the admission of the applicant from that jurisdiction shall be governed by the same rules that would apply to an applicant from Georgia seeking admission to the Bar in the applicant's former jurisdiction;

(c) Has never been denied certification of fitness to practice law in Georgia or any other state;

(d) Has never taken and failed the Georgia Bar Examination or the Georgia Attorneys' Examination;

(e) Has been primarily engaged in the active practice of law for five of the seven years immediately preceding the date upon which the application is filed;

(f) Is currently or resigned while in good professional standing in every jurisdiction in which the applicant has been licensed to practice law;

(g) Must receive Certification of Fitness to Practice Law in Georgia from the Board to Determine Fitness of Bar Applicants;

(h) Must state that he or she intends to engage in the practice of law in Georgia;

(i) Must state that he or she has not engaged in the unauthorized practice of law in Georgia.

[3] The "Military Spouse JD Waiver Process and Policy" announced by the Office of Bar Admissions reads:

Part F, Section 5 of the Rules Governing Admission to the Practice of Law (Rules) in Georgia states that both the Board to Determine Fitness of Bar Applicants and the Board of Bar Examiners may ". . . for good cause shown by clear and convincing evidence" waive any of the Rules (with certain limited exceptions relating to the payment of fees and the regrading of the bar exam). The decision of either Board not to waive a Rule is appealable to the Supreme

3

Court.

Recognizing that active duty military personnel are frequently transferred to duty stations in any number of states, making it extremely difficult for their attorney spouses, who, while admitted to practice in one state, may not be admitted in the state of the new duty station, the Board of Bar Examiners seeks to accommodate the bar admission needs of attorney spouses of military personnel while still maintaining the integrity of the bar admission process. To that end, the Board of Bar Examiners has adopted this statement of the process that a military spouse petitioner should follow, and that the Board will utilize, for a petition for waiver of certain requirements of Part C, Admission on Motion, of the Rules. For purposes of this waiver process and policy, a military spouse petitioner is a person who is: (a) An attorney at law who has been admitted by examination to membership in the bar of the highest court of another United States jurisdiction; (b) The dependent spouse of an active duty member, including but not limited to members called to active duty under Title 10 of the United States Code, of the United States Uniformed Services as defined by the Department of Defense of the United States (or, for the Coast Guard, when it is not operating in the service of the Navy, by the Department of Homeland Security); and (c) The spouse of a service active duty member who is on military orders stationed or home-ported in the State of Georgia.

The petitioner for waiver under this policy must submit documentation proving that the applicant meets the above definition of military spouse petitioner. In evaluating a petition for waiver of the requirements of Part C of the Rules, the Board of Bar Examiners[ ] considers the following criteria: (1) The duration of the military spouse petitioner's engagement in the active practice of law, as defined in Part C, Section 3 of the Rules; (2) The military

4

waiver policy

> [r]ecogniz[es] that active duty military personnel are frequently transferred to duty stations in any number of states, making it extremely difficult for their attorney spouses, who, while admitted to practice in one state, may not be admitted in the state of the new duty station, [and] seeks to accommodate the bar admission needs of attorney spouses of military personnel while still maintaining the integrity of the bar admission process.

By virtue of this policy, it necessarily follows that some military spouses will receive a waiver, while others may not. The goal, of course, is for the policy to delineate between those whom this State should appropriately accommodate, and those who do not meet the minimum threshold deemed necessary to protect the Bar and public.

This Court has the inherent and exclusive power to prescribe requirements for admission to the practice of law in order to promote the State's

---

spouse petitioner's employment history in the legal profession; and (3) The career goals of the military spouse petitioner.

A military spouse who is admitted in another United States jurisdiction and meets the definition of military spouse petitioner above should read Part C, Admission on Motion, of the Rules, the Waiver Process and Policy, and review the Instructions and Checklist for Filing Petition for Waiver of Admissions on Motion Requirements for Admission of a Military Spouse Attorney to the Practice of Law in Georgia.

fundamental interest in ensuring that members of the legal profession are competent. In re Oliver, 261 Ga. 850, 852 (2), (3) (413 SE2d 435) (1992). "[A]dmission to the State Bar is governed by the Rules promulgated by this Court, which place the burden on the applicant to establish the fitness to practice law." (Citations omitted.) In re G. E. C., 269 Ga. 744, 745 (1) (506 SE2d 843) (1998). However, the Board may waive any of the rules "for good cause shown by clear and convincing evidence." See Rules Governing Admission to the Practice of Law, Part F, Section 5.[4] We have said that "good cause in this context is not susceptible of rigid definition. It is a factual question which must

---

[4] This Rule provides:

The Board to Determine Fitness[ ] with respect to rules contained herein pertaining to it and the Board of Bar Examiners with respect to rules contained herein pertaining to it may, for good cause shown by clear and convincing evidence, waive any rule contained herein; provided, however, neither Board shall waive filing fees, including late fees, nor shall the Board of Bar Examiners waive the prohibition on regrading of essay or MPT answers after the general release of grades. The decision of either the Board to Determine Fitness of Bar Applicants or the Board of Bar Examiners not to waive any rules herein subject to waiver may be appealed to the Court in accordance with the procedures set forth in Part F, Section 8 of the Rules. With respect to the filing of a petition for waiver of the educational requirements of Part B, Section 4 (a) and (b), each petition must be accompanied by a non-refundable fee of $250.

be judged according to the circumstances of the case." In re G. E. C., supra, 269 Ga. at 745 (2).

The record shows that O'Neal sent information to the Board in an attempt to comply with the military spouse waiver policy. In response, as noted above, the Board provided no specific reasons to O'Neal supporting the decision to deny her request for a waiver. Instead, the Board sent O'Neal a letter stating that "there was insufficient evidence of good cause for a waiver." In its briefs to this Court, however, the Board listed, for the first time, specific reasons for denying O'Neal's request for a waiver: (1) O'Neal had previously taken only the Louisiana Bar Examination, which covers state civil law and not common law, and does not have a performance test comparable to the Multistate Performance Test; (2) O'Neal has limited experience in the practice of law because she was only admitted to practice in 2014, and she has "worked three different legal jobs in Louisiana in the past three years;" and (3) O'Neal had low grades in law school. This reasoning appears to incorporate elements of both the military spouse waiver policy, Rules Governing Admission to the Practice of Law, Part C, Section 2 (b) and (e), and other general waiver guidelines, as more fully discussed below.

7

The benchmarks employed by the Board to assess the waiver request of a military spouse are uncertain. At the beginning of the military spouse waiver policy, the Board suggests that any waiver is governed by the "good cause" standard set forth in Rules Governing Admission to the Practice of Law, Part F, Section 5. Later in the military spouse waiver policy, the Board states:

> In evaluating a petition for waiver of the requirements of Part C of the Rules, the Board of Bar Examiners[ ] considers the following criteria: (1) The duration of the military spouse petitioner's engagement in the active practice of law, as defined in Part C, Section 3 of the Rules;[5] (2) The military spouse petitioner's

---

[5] This Section provides:

(a) For the purposes of this Rule, the "active practice of law" shall include the following activities, if performed in a jurisdiction in which the applicant is admitted, or if performed in a jurisdiction that affirmatively permits such activity by a lawyer not admitted to practice in that jurisdiction; however, in no event shall any activities that were performed in advance of bar admission in some state, territory, or the District of Columbia be accepted toward the durational requirement:

(1) representation of one or more clients in the practice of law;

(2) service as a lawyer with a local, state or federal agency, including military service;

(3) teaching law at a law school approved by the American Bar Association;

(4) service as a judge in a federal, state or local court of record;

employment history in the legal profession; and (3) The career goals of the military spouse petitioner.

At first glance, these would appear to be the only criteria to be considered, but the military spouse waiver policy also requires the military spouse applicant to review a document titled "Instructions and Checklist for Filing Petition for Waiver of Admissions on Motion Requirements for Admission of a Military Spouse Attorney to the Practice of Law in Georgia" and to read the standard "Waiver Process and Policy" which this Court approved on September 3, 2008.[6] Both of these additional documents seem to impose an additional set of criteria

---

(5) service as a judicial law clerk; or
(6) service as in-house counsel provided to the lawyer's employer or its organizational affiliates.
(b) For purposes of this Rule, the "active practice of law" shall not include work that, as undertaken, constituted the unauthorized practice of law in the jurisdiction in which it was performed or in the jurisdiction in which the clients receiving the unauthorized services were located.

[6] Among other things, this policy provides:
In evaluating an application for waiver of the educational requirement(s) of the Rules Governing Admission to the Practice of Law in Georgia, the Board of Bar Examiners considers the following criteria:
1. The educational background of the applicant;
2. The quality of the applicant's educational achievements;
3. The applicant's substantive employment history; and
4. The career goals of the applicant.

9

on a military spouse applying for a waiver. The Instructions and Checklist begins with a citation to "Part C, Section 2 (b) and (e)," referencing the standard requirements for admission without examination. It then goes on to require twelve additional types of information, including academic transcripts, employment history, employment goals, and, significantly, a narrative statement as to why the applicant believes there is good cause for a waiver. In turn, by also requiring a military spouse to read the standard Waiver Process and Policy, the Board appears to at least imply that the military spouse is governed by some of those requirements as well. This conclusion is supported by the fact that the Board, in the present case, considered "the quality of the applicant's educational achievements," which is one of the criteria listed under this standard waiver policy (but not explicitly stated in the military spouse waiver policy). This cross-referencing and incorporation within the military spouse waiver policy makes it difficult to ascertain what criteria the Board considers in its determination of whether a military spouse has shown good cause for a waiver.

Compounding the problem of this general uncertainty, the Board, in this particular case, never provided O'Neal with any specific reasons for the denial of her waiver. As to another important type of waiver, the general Waiver

Process and Policy states: "In the event that the Board of Bar Examiners denies a petition for waiver of the educational eligibility requirement(s), it shall provide a written statement to the applicant that the petition has been denied *and the reason(s) therefor*." (Emphasis supplied.) The Board should provide a military spouse with written reasons for denial as well. This not only benefits the military spouse waiver applicant, but also provides this Court with a substantive decision with clear reasons for denial that this Court can review. See In re Barge, 264 Ga. 498 (448 SE2d 200) (1994) (remanding former Rule 4-302 case to Board to Determine Fitness for written explanation of decision not to accept Review Panel recommendation on attorney reinstatement petition).

Therefore, pursuant to this Court's inherent power in matters of attorney discipline and bar admissions, we vacate the Board's decision and remand this case to the Board to clearly apply the military waiver policy and explain why O'Neal has or has not met the waiver requirements.[7] Id.

---

[7] The "Note" section on the Instructions and Checklist for military spouse waiver applicants provides:

> If a petition for waiver of Admission on Motion requirements filed by a military spouse does not contain the documentation specified above, or does not provide clear and convincing evidence as to why such information should not be required of the applicant, the

11

Decision vacated and case remanded with direction. Melton, C. J., Nahmias, P. J., Benham, Hunstein, Blackwell, Boggs, and Peterson, JJ., concur.

Director of Admissions shall advise the applicant in writing that: (i) The information has not been properly submitted; and (ii) The petition for waiver will not be acted upon until such information has been submitted or the applicant provides clear and convincing evidence as to why it need not be submitted in support of the petition.

12

Decided September 10, 2018.

Bar admissions; Military Spouse JD Waiver Process and Policy.

Christopher M. Carr, Attorney General, Annette M. Cowart, Deputy Attorney General, Rebecca S. Mick, Russell D. Willard, Senior Assistant Attorneys General, Heidi Manroe Faenza, for Office of Bar Admissions.

Latham & Watkins, J. Scott Ballenger, J. Christian Word, Emily K. Sauter, Katherine M. Larkin-Wong, Adam S. Sieff; Hilarie Bass; Legare, Attwood & Wolfe, Cheryl B. Legare; Baker Donelson Bearman Caldwell & Berkowitz, Joshua N. Tropper, Joe D. Whitley, Tanisha Pinkins, Linda A. Klein; Strickland Brockington Lewis, Oscar N. Persons; The Krystal Company, Sloane S. Perras, amici curiae.