S92A0553. IN RE TERESE S. OLIVER.
(ADMISSIONS DOCKET NO. 119)
(413 SE2d 435)

FLETCHER, Justice.

Terese S. Oliver appeals from the Board of Bar Examiners' decision that denied her request to waive the educational requirements

for admission to the State Bar of Georgia. The Board refused to waive the rule that an applicant must have received a law degree from a law school approved by the American Bar Association (ABA) or Board of Bar Examiners. Finding that the Board did not abuse its discretion, we affirm.

1. The Georgia Constitution vests the judicial power of the state exclusively in the courts. Ga. Const., Art. VI, Sec. I, Par. I (1983). Our Constitution also provides that the

> legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided.

Id., Art. I, Sec. II, Par. III.

The inherent power of the courts is a principle arising from the doctrine of separation and equality of the branches of government. *Grimsley v. Twiggs County*, 249 Ga. 632, 634 (292 SE2d 675) (1982). This

> [p]ower includes the authority to perform any function reasonably necessary to effectuate [the court's] jurisdiction, improve the administration of justice, and protect the judiciary as an independent department of the government.

*Wallace v. Wallace*, 225 Ga. 102, 111 (166 SE2d 718), cert. denied, 396 U. S. 939 (1969). Although the legislative branch may assist in the exercise of the judiciary's inherent power, a legislative act may not limit an inherent power. *Grimsley*, 249 Ga. at 634.

2. We have held that the creation of the State Bar is a judicial function and that "[m]atters relating to the practice of law, including the admission of practitioners, their discipline, suspension, and removal, are within the inherent and exclusive power of [this court]." *Carpenter v. State*, 250 Ga. 177 (297 SE2d 16) (1982); see *Sams v. Olah*, 225 Ga. 497, 501 (169 SE2d 790) (1969), cert. denied, 397 U. S. 914 (1970); *Wallace*, 225 Ga. at 109. This inherent power of the judicial branch of government to regulate the practice of law does not depend on any express constitutional grant or on the legislative will; rather, it exists because of the intimate connection between the practice of law and the exercise of judicial power in the administration of justice. Id. at 111; *DeKrasner v. Boykin*, 54 Ga. App. 29, 35 (186 SE 701) (1936). Because the courts' inherent power is a basic organic principle flowing from the constitutional doctrine of separation of powers, it may not be limited to prevent the judicial branch from discharging its duties.

"Our powers are equal to our duties." *Miree v. United States*,

242 Ga. 126, 132 (249 SE2d 573) (1978). We reiterate that the duty — and hence the power — to prescribe educational requirements for admission to the practice of law vests solely in the judicial branch.

3. As part of the court's inherent power, we have adopted a rule that requires applicants for admission to the bar to be graduates of an approved law school.[1] This rule supports the state's fundamental interest in requiring applicants to demonstrate that they have achieved a minimum level of legal education. See *Pace v. Smith*, 248 Ga. 728, 730 (286 SE2d 18) (1982). Georgia's rule is less stringent than the educational requirements in most states, which limit admission to graduates of schools accredited by the ABA.[2] Moreover, the rule has already withstood a federal constitutional challenge. See *Cline v. Supreme Court*, 781 F2d 1541, 1543 (11th Cir. 1986) (holding that rule distinguishing between graduates of approved and non-approved law schools for purposes of admission to the State Bar does not deny a graduate of an unapproved school either substantive due process or equal protection under the United States Constitution). We reaffirm today that graduation from an approved law school is a prerequisite for admission to the State Bar as a means to promote the state's interest in ensuring the competency of members of the legal profession.

4. Oliver argues, however, that the rule should be waived on her behalf because she has passed the California bar examination and practiced in that state for 12 years. We find that the Board did not abuse its discretion in denying her request for a waiver. The Board properly applied the educational rule that this court promulgated. Oliver graduated from Western State University School of Law, a California school that is not accredited by the ABA or approved by the Board of Bar Examiners. She has failed to show by clear and convincing evidence that the rule requiring graduation from an approved school should be waived on her behalf. See Rules Governing Admission to the Practice of Law, Pt. D, § 4. Because she does not meet the educational requirements for admission to the State Bar of Georgia and has failed to justify a waiver on her behalf, we affirm the Board's decision.

*Denial of waiver affirmed. Clarke, C. J., Weltner, P. J., Bell,*

---

[1] The rule provides: "Prior to taking the bar examination an applicant must have been awarded the first professional degree in law (JD or LLB) by a law school approved by the American Bar Association." Until January 1, 1998, graduates of law schools approved by the Board of Bar Examiners shall be eligible to take the bar examination. Supreme Court of Georgia, Rules Governing Admission to the Practice of Law, Pt. B, § 4 (b) (1), (2).

[2] Thirty-four states require an applicant to graduate from a school approved by the ABA; 16 states, including Georgia, do not. Ten states, including Georgia, permit initial applicants to have studied at an in-state school approved by a state authority. American Bar Association, Section of Legal Education and Admissions to the Bar, and National Conference of Bar Examiners, Comprehensive Guide to Bar Admission Requirements, 1991-92 at 10-11, 38-39.

*Hunt and Benham, JJ., concur.*

DECIDED FEBRUARY 7, 1992.

*Daniel L. Camp,* for Oliver.
*Michael J. Bowers, Attorney General, Julia B. Anderson, Staff Attorney,* for Board to Determine Fitness of Bar Applicants.