S96A0778. IN RE MARIA FERNANDA FARALL-SHURMAN.
(467 SE2d 492)

PER CURIAM.
Applicant, Maria Farall-Shurman, completed her undergraduate

---

[1] See *Hill v. Busbia,* 217 Ga. 781 (125 SE2d 34) (1962).

and legal education in Argentina in 1992. Following graduation from the Argentine Catholic University School of Law, applicant worked for four years at an Argentinean law firm. In the summer of 1993, she also served as a foreign visiting attorney for a law firm in Houston. Since January 1995, applicant has worked as a law clerk in an Atlanta law firm.

Applicant sought admission to the Georgia Bar. Because bar applicants must obtain both their undergraduate and law degrees from accredited institutions,[1] applicant petitioned the Board of Bar Examiners for a waiver of the educational requirements. In support of her request, applicant submitted a letter outlining her arguments, her resume and a letter of recommendation.

On January 21, 1995, the Board of Bar Examiners denied applicant's request for a waiver because it found that applicant had not met her burden of establishing good cause.[2] Applicant claims that the Board's denial violated the due process and the equal protection requirements of the Fourteenth Amendment to the United States Constitution. She alleges that the Board has adopted a policy which does not allow a foreign trained attorney to argue the individual merits of his or her request for a waiver of the educational requirements.

Applicant misconstrues the Board's decision. The Board did not definitively rule that applicant must now obtain an undergraduate and law school education from an accredited school. It simply found that applicant failed to submit clear and convincing evidence that good cause exists for a waiver of the educational requirements. See, e.g., *In re Terese S. Oliver*, 261 Ga. 850, 852 (413 SE2d 435) (1992) (upholding the Board's denial of a waiver of the educational requirement in a case involving an applicant who had passed the California bar and practiced law for 12 years in California). Based on the limited evidence submitted by applicant, we hold that the Board did not abuse its discretion in making the above finding.

The Board's decision does not leave applicant without a remedy. The decision simply requires her to proffer clear and convincing evidence in support of her contention that good cause exists for a waiver of the educational requirements. Applicant can reapply for admission to the bar and submit additional evidence to support her assertion that her educational background provides good cause for a waiver.

*Decision affirmed. All the Justices concur.*

---

[1] Part B, § 4 (a) (1) and (b) (1) of the Rules Governing Admission to the Practice of Law.

[2] The educational requirement can be waived if, by "clear and convincing evidence," an applicant demonstrates that good cause exists for a waiver. Part E, § 4 of the Rules Governing Admission to the Practice of Law.

DECIDED FEBRUARY 5, 1996.

*Smith & Associates, Gregory S. Shurman,* for appellant.
*Michael J. Bowers, Attorney General, Carol A. Callaway, Assistant Attorney General,* for appellee.