506 S.E.2d 843 (1998)
269 Ga. 744
In re G.E.C.
No. S98A1063.
Supreme Court of Georgia.
September 14, 1998.
*844 Appellant, pro se.
Thurbert E. Baker, Atty. Gen., Department of Law, Atlanta.
PER CURIAM.
G.E.C. appeals the Board of Bar Examiners' decision to deny his request to waive the educational requirement of an undergraduate degree for admission to the State Bar of Georgia, as provided in the Rules Governing Admission to the Practice of Law, Part B, Section 4(a)(1).[1] The Board may waive the educational eligibility prerequisites "for good cause shown by clear and convincing evidence."[2] After review of G.E.C.'s petition, the Board determined that it did not meet the standard for waiver. We find that the Board did not abuse its discretion in refusing the waiver, and we affirm.
G.E.C. graduated from John Marshall Law School in Atlanta in June 1989. Before law school, G.E.C. attended Indiana University, *845 apparently a regionally-accredited institution, but left prior to graduation and did not receive an undergraduate degree. He first applied to take the Georgia bar examination in 1987, but was denied on grounds of moral fitness.[3] At the times of the initial application and of G.E.C.'s graduation, the Board allowed applicants who did not have an undergraduate degree to sit for the bar examination until June 30, 1989, or five years from the date of graduation from an approved law school, whichever date was later.
In 1990, the Board permitted G.E.C. to withdraw his application for certification of fitness to practice law and advised him that it would accept a new application after a three-year period of rehabilitation, no earlier than April 1, 1993. G.E.C. reapplied in 1996, and then sought the educational waiver.
1. The duty and the power to prescribe educational requirements for admission to the practice of law in this State vests in the judicial branch. In re Terese S. Oliver, 261 Ga. 850, 852(2), 413 S.E.2d 435 (1992). Consequently, admission to the State Bar is governed by the Rules promulgated by this Court, which place the burden on the applicant to establish the fitness to practice law. In re E.L.D., 268 Ga. 883(1), 494 S.E.2d 317 (1998); In re C.R.W., 267 Ga. 534(1), 481 S.E.2d 511 (1997).
2. G.E.C. maintains that he has, by clear and convincing evidence, demonstrated good cause for a waiver, especially in the absence of a definition of the standard. However, good cause in this context is not susceptible of rigid definition. It is a factual question which must be judged according to the circumstances of the case.
G.E.C. urges that there is good cause because under the former Rule an undergraduate degree was not required and he would pose no more of a threat to the consuming public than already exists in practice in the field. But, such an argument begs the question. Admission standards, as the Rule at issue, may change in order to further the State's interest in ensuring the competency of members of the legal profession. In re Terese S. Oliver, supra at 852(3), 413 S.E.2d 435. Because the Board's and this Court's fundamental concern in admitting people to the practice of law is the best interest of the public, any doubts as to the fitness, educational or otherwise, of an applicant must be resolved against the applicant and in favor of the public. In re C.R.W., supra at 535(3), 481 S.E.2d 511.
3. G.E.C. also insists good cause exists because of alleged hardship he will face if there is no waiver. He maintains that inasmuch as Indiana University is the only institution that will accept his prior course work, he must move his family back to Indiana in order to obtain his undergraduate degree. However, the fact that an applicant may experience some difficulty in order to attain eligibility for the bar examination does not demand a waiver. There is no entitlement to admission to the practice of law in this State without meeting the required high standards for qualification. Pace v. Smith, 248 Ga. 728, 733(3), 286 S.E.2d 18 (1982). What is more, the Board did not rule that G.E.C. must obtain an undergraduate degree. Its determination was merely that G.E.C. failed to make a clear and convincing showing that there is good cause for a waiver of the educational requirements. In re Maria Fernanda Farall-Shurman, 266 Ga. 209, 210, 467 S.E.2d 492 (1996).
4. Finally, G.E.C. argues that it is fundamentally unfair to deny him the opportunity for admission to the bar when he was eligible through the time of his graduation from law school and he relied on that eligibility. But, the fact that G.E.C. was unable to avail himself of the less stringent requirements was the direct result of his own conduct and its impact on the question of his moral fitness.
G.E.C. does not meet the educational requirements for admission to the State Bar of *846 Georgia and has failed to justify a waiver on his behalf. Accordingly, the decision of the Board of Bar Examiners stands.
Denial of waiver affirmed.
All the Justices concur.
NOTES
[1] Supreme Court of Georgia, Rules Governing Admission to the Practice of Law, Pt. B, § 4(a)(1) provides: "Prior to taking the bar examination, an applicant must have been awarded an undergraduate degree (BA, BS, BBA or their equivalent) by an institution of higher learning accredited by an accrediting body recognized by the Council on Recognition of Postsecondary Accreditation (CORPA)."
[2] Supreme Court of Georgia, Rules Governing Admission to the Practice of Law, Pt. E, § 4.
[3] According to the Board, the moral fitness concerns included non-disclosure of a 1985 driving under the influence offense; non-disclosure of attendance at another college; falsely reporting on the John Marshall application that he obtained a bachelor's degree from Indiana University; a complaint of unauthorized practice of law; undisclosed employment; and alleged tax fraud.