mine whether the trial court erred in entering default judgment against her.

Although OCGA § 9-11-55 is authority for the grant of default judgments, OCGA § 19-5-8 provides that "[n]o verdict or judgment by default shall be taken" in actions for divorce, alimony or child custody. Accordingly, resolution of this appeal depends upon whether appellee's claim against appellant constitutes an action which OCGA § 19-5-8 specifically exempts from the general ambit of OCGA § 9-11-55. The allegations against appellant raise a material issue with regard to the equitable division of marital property. *Stokes v. Stokes*, 246 Ga. 765 (273 SE2d 169) (1980). This is an equitable claim which arises only as the result of the underlying divorce action. *Bedford v. Bedford*, 246 Ga. 780, 781 (273 SE2d 167) (1980). Because equity seeks always to do complete justice, third parties are properly joined in a divorce action so as to facilitate resolution of the spouses' marital claims. OCGA § 23-1-7; *Roberts v. Roberts*, 226 Ga. 203, 209 (9) (173 SE2d 675) (1970) (alimony). Such a claim against a non-spouse has always been considered an integral part of the divorce action to which it was joined for that limited purpose. See *Shah v. Shah*, 270 Ga. 649, 651 (2) (513 SE2d 730) (1999); *Horton v. Kitchens*, 259 Ga. 446 (2) (383 SE2d 871) (1989). Thus, a default judgment cannot be entered against the defendant on such a claim. See *Harrison v. Harrison*, 228 Ga. 126, 128 (184 SE2d 147) (1971). Therefore, the trial court erred in entering a default judgment against appellant, and the equitable division claim as against her must be remanded to the trial court for disposition in accordance with OCGA § 19-5-8. This holding does not affect the judgment entered in appellee's main divorce action against her husband.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Stephen N. Hollomon*, for appellant.
*Fred I. Graham, Arthur H. Clarke, Jr.,* for appellee.

S00A0710. IN RE R. R. R.
(525 SE2d 364)

PER CURIAM.

R. R. R. appeals the Board of Bar Examiners' decision to deny his request for a waiver of the educational requirements for admission to the State Bar of Georgia, in order that R. R. R. be able to sit for the Bar Examination. R. R. R. is a graduate of Monticello University Law

School, a school not approved by either the American Bar Association or by the Board of Bar Examiners. R. R. R. completed his degree at home and without attending classes. The Board refused to waive the requirement that an applicant must have received an initial law degree from a law school approved by the American Bar Association or by the Board of Bar Examiners.[1] We find that the Board did not abuse its discretion in refusing the waiver, and we affirm.

This Court has the power and the duty to set the educational requirements for admission to the practice of law in this State, and therefore, "admission to the State Bar is governed by the Rules promulgated by this Court, which place the burden on the applicant to establish the fitness to practice law." *In re G. E. C.*, 269 Ga. 744, 745 (1) (506 SE2d 843) (1998). See also *In re Terese S. Oliver*, 261 Ga. 850 (413 SE2d 435) (1992). R. R. R. contends that he is fit to practice law because his legal educational experience and knowledge gained match that of one graduating from a law school approved by the American Bar Association. However, his submitted assertions regarding curriculum, examination and writing samples, and statements from his wife and friends about the amount of time R. R. R. spent in home study, in no manner demonstrate the quality of his educational experience or the competence gained in the law, if any.

In order to promote the State's significant interest in assuring that members of the legal profession are competent, prerequisite for admission to the State Bar is graduation from an approved law school. *In re Terese S. Oliver*, supra at 852 (3). R. R. R. has failed to show by clear and convincing evidence that such requirement should be waived on his behalf. Id. at 852 (4); *In re G. E. C.*, supra at 745 (3). Accordingly, the decision of the Board of Bar Examiners stands.

*Denial of waiver affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

Bar applicant, *pro se.*

---

[1] The Rules Governing Admission to the Practice of Law (1999), Part B, Section 4 (b) (1) provides: "Prior to taking the bar examination an applicant must have been awarded the first professional degree in law (JD or LLB) by a law school approved by the American Bar Association." Subsection (b) (2) states:

Graduates of and students enrolled in law schools approved by the Georgia Board of Bar Examiners but not by the American Bar Association who have been certified as fit to practice law, who satisfy the undergraduate education requirements of these Rules, and who graduate from law school prior to January 1, 1998, shall be eligible to take the bar examination in the same manner and under the same conditions as are graduates of and students enrolled in American Bar Association law schools.

R. R. R. applied to take the Bar Examination in March 1998.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General,* for Board of Bar Examiners.

S99G0900. EDWARDS et al. v. DEPARTMENT OF CHILDREN & YOUTH SERVICES.
(525 SE2d 83)

FLETCHER, Presiding Justice.

We granted certiorari to consider whether state employees perform a "discretionary function" under the Georgia Tort Claims Act when they make decisions on the emergency medical treatment of juveniles in state custody.[1] Adhering to our previous opinions that the discretionary function exception to the tort claims act requires the exercise of a policy judgment, we hold that the decision of state employees on the type of emergency medical treatment to provide incarcerated juveniles is not a discretionary function as that term is defined in the statute. As a result, the state is not immune from liability under the discretionary function exception in this case. Therefore, we reverse.

Fifteen-year-old Latasha Edwards died from a subdural hematoma while incarcerated at the Macon Youth Development Center. Her parents sued the Georgia Department of Children & Youth Services under the Georgia Tort Claims Act, alleging that YDC employees were negligent in failing to provide proper medical care to Edwards. The trial court ruled that the claims were barred under the discretionary function exception of OCGA § 50-21-24 (2) and granted summary judgment to the state. The Court of Appeals of the State of Georgia affirmed on the grounds that the state employees exercised a discretionary decision in determining the type of medical care to provide and were therefore subject to immunity.[2] In granting the writ of certiorari, we asked the parties to address whether the court of appeals improperly expanded the meaning of "discretionary function" to decisions of state employees that are not related to policy judgments.

*Ambiguous Legislative History of Georgia Tort Claims Act*

The Georgia Tort Claims Act grants a "limited waiver" of the state's sovereign immunity.[3] Under the act, the state waives its sov-

---

[1] See OCGA § 50-21-24 (2) (discretionary function exception).
[2] See *Edwards v. Department of Children & Youth Services,* 236 Ga. App. 696 (512 SE2d 339) (1999).
[3] See OCGA § 50-21-23.