## S01Z0995. IN THE MATTER OF PATRICK MAHANEY.

(562 SE2d 511)

PER CURIAM.

Patrick Mahaney appeals from the Board of Bar Examiners' decision denying his request to waive the educational requirements for admission to the State Bar of Georgia. The Board refused to waive the rule that an applicant must have received a law degree from a law school approved by the American Bar Association (ABA) or the Board of Bar Examiners. Mahaney contends that the standard applied to educational waivers ("good cause shown by clear and convincing evidence"[1]) permits unbridled discretion, resulting in an arbitrary and unfair application of the rule to him.

The evidence offered by Mahaney was that he graduated in 1988 from Jones School of Law in Montgomery, Alabama, a school not accredited by the ABA; he was admitted to the Alabama bar in 1989 and worked as an assistant legal counsel for the Alabama Department of Public Safety and as an assistant attorney general; and that he served as a commissioned officer in the active and reserve components of the U.S. Army. In addition, Mahaney provided a number of personal and professional references. The Board found that Mahaney had not met the standard of good cause shown by clear and convinc-

---

[1] Rules Governing Admission to the Practice of Law, Pt. E, § 4.

ing evidence in that his situation was not distinguishable from that of other similarly interested applicants.

Mahaney's showing of his experience in the practice of law in Alabama does not alone constitute the showing of good cause required by the Rules Governing Admission to the Practice of Law, Pt. E, § 4. *In re Oliver*, 261 Ga. 850 (4) (413 SE2d 435) (1992). With regard to Mahaney's complaint that the standard for granting exemptions is too vague, we have previously noted that "good cause in this context is not susceptible of rigid definition. It is a factual question which must be judged according to the circumstances of the case." *In re G. E. C.*, 269 Ga. 744 (2) (506 SE2d 843) (1998). In the present case, because Mahaney has not shown by clear and convincing evidence that good cause exists for waiving the requirement that he graduate from an approved law school, we find no abuse of discretion in the Board's denial of his request for a waiver.

*Denial of waiver affirmed. All the Justices concur.*

DECIDED APRIL 15, 2002.

*Ernest B. Gilbert*, for Mahaney.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General, Hulett H. Askew*, for Board of Bar Examiners.