## S09Z1869. IN THE MATTER OF JOHN DOMANTAY.
### (684 SE2d 628)

PER CURIAM.

John Domantay appeals the Board of Bar Examiners' decision to deny his request for a waiver of the educational requirements for admission to the State Bar of Georgia. Domantay is a graduate of John F. Kennedy School of Law, a California school which is not accredited by the American Bar Association or by the Board of Bar Examiners. Domantay has not been admitted to practice law in any state since his graduation from John F. Kennedy Law School in 2006. The board refused to waive the requirement that an applicant must have received an initial law degree from a law school approved by the American Bar Association or by the Board of Bar Examiners.[1] We find that the board did not abuse its discretion in refusing the waiver, and we affirm.

The State has a fundamental interest in requiring bar applicants to demonstrate a minimum level of legal education. *In re Oliver*, 261 Ga. 850, 852 (413 SE2d 435) (1992). This Court has the power and the duty to promote this interest by conditioning admission to the bar on graduation from an ABA-accredited law school. *In re R. R. R.*, 271 Ga. 888 (525 SE2d 364) (2000). See also *Cline v. Supreme Court of Georgia*, 781 F2d 1541, 1543 (11th Cir. 1986) (upholding the constitutionality of Georgia's education requirements as rationally related to Georgia's legitimate goal of ensuring a competent state bar). Therefore, "admission to the State Bar is governed by the Rules promulgated by this Court, which place the burden on the applicant to establish the fitness to practice law." *In re G. E. C.*, 269 Ga. 744, 745 (1) (506 SE2d 843) (1998). See also *In re Oliver*, supra at 850.

Domantay asserts that he is fit to practice law because the legal knowledge and experience he acquired at John F. Kennedy School of Law is equivalent to that of a law school accredited by the ABA. However, the board's waiver requirements are based in part on proof of equivalence, and under these requirements applicants must provide analysis and documentation from the dean of an ABA-accredited law school stating that a non-accredited school provides an equivalent legal education. Despite repeated requests by the

---

[1] Part B, Section 4 (b) (1) of the Rules Governing Admission to the Practice of Law.

board, Domantay never submitted this documentation. Without this information, the board had no objective basis to evaluate Domantay's legal education or compare it to that of an ABA-accredited school. While Domantay provided several references, a transcript, and an admirable history of public service, these alone fall well short of the showing of good cause required by the Rules Governing Admission to the Practice of Law. See *In re Mahaney*, 275 Ga. 123, 124 (562 SE2d 511) (2002); *In re Farall-Shurman*, 266 Ga. 209 (467 SE2d 492) (1996).

Domantay has failed to show by clear and convincing evidence that the rule requiring graduation from an ABA-accredited law school should be waived on his behalf. *In re Oliver*, supra at 850. Accordingly, we find no abuse of discretion in the board's denial of his request for a waiver.

*Denial of waiver affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Assistant Attorney General, Sarah E. Lockwood*, for Office of Bar Admissions.
John Domantay, *pro se.*