S09Z1849. IN THE MATTER OF JOYCE K. BATTERSON.
(687 SE2d 477)

PER CURIAM.
Joyce K. Batterson appeals the Board of Bar Examiners' ("Board") denial of her petition for waiver of educational requirements for admission to the State Bar of Georgia.[1] The Board refused to waive the requirement that an applicant have received a first law degree from a law school accredited by the American Bar Association ("ABA").[2] Finding that the Board did not abuse its discretion in denying Batterson's request for a waiver, we affirm.

Batterson graduated in July 2009 from Northwestern California University School of Law ("NWCU"), a correspondence law school utilizing internet-based, online, and recorded instruction. NWCU is approved by the State of California to grant a juris doctor degree ("J.D."), but it is not accredited by the ABA. Also, in July 2009, she completed her master of laws degree ("LL.M.") from Thomas Jefferson School of Law ("TJSL"), a school offering non-residential online studies and whose LL.M. program is accredited by the ABA. Batterson's resumé reflects that she is a nationally-certified paralegal; that she has been employed as a legal assistant and paralegal since 1990; that she passed the law student "First-Year California State Bar Examination" in October 2004; and that she passed the Multistate Professional Responsibility Examination (MPRE) in August 2006. Batterson petitioned for the waiver of the educational requirements for admission to the State Bar of Georgia based upon

---

[1] See Rules Governing Admission to the Practice of Law, Pt. F, §§ 5, 8.
[2] See Rules Governing Admission to the Practice of Law, Pt. B, § 4 (b) (1).

her educational background, her achievements, and her employment history.

This Court has the inherent and exclusive power to prescribe educational requirements for admission to the practice of law in order to promote the State's fundamental interest in ensuring that members of the legal profession are competent. *In re Oliver*, 261 Ga. 850, 852 (2), (3) (413 SE2d 435) (1992). This interest is promoted by conditioning admission to the bar on receiving a first law degree from an ABA-accredited law school. *In the Matter of Domantay*, 285 Ga. 876 (684 SE2d 628) (2009). "[A]dmission to the State Bar is governed by the Rules promulgated by this Court, which place the burden on the applicant to establish the fitness to practice law." *In re G. E. C.*, 269 Ga. 744, 745 (1) (506 SE2d 843) (1998). However, the Board may waive any of the rules "for good cause shown by clear and convincing evidence."[3]

The Board's waiver requirements in regard to education are based in part on proof that the non-accredited school provides a legal education equivalent to that of an ABA-accredited law school; an applicant must provide certain documentation from an ABA-accredited law school demonstrating such equivalence. *In re Domantay*, supra. To that end, the Board provided Batterson with a copy of the "Waiver Process & Policy" and a two-page "Guidelines for Dean's Letter," stating that such letter should be from a dean or the dean's designee on the faculty at an ABA-approved law school and detailing what the analysis of the applicant's legal education should include. Batterson submitted a letter from the Dean of NWCU, the non-accredited law school from which she eventually obtained her J.D. degree,[4] and letters from an Associate Dean of TJSL, from whose ABA-approved program she received her LL.M. degree. The letters from TJSL's Associate Dean, while praising Batterson's performance as a student, contained only general conclusions that Batterson's legal education was on a par with that of an ABA-accredited school.[5] None of Batterson's submissions complied with the documentation requested by the Board in order to establish an objective basis upon which to evaluate Batterson's legal education and compare it to that obtained at an ABA-accredited law school. *In the Matter of Domantay*, supra.

---

[3] See Rules Governing Admission to the Practice of Law, Pt. F, § 5.

[4] In this letter, the Dean candidly acknowledged that inasmuch as she had not attended or worked at an ABA-approved school, she did not "have a full understanding of the workings of ABA-approved school programs."

[5] Indeed, the follow-up letter stated: "I believe you have received a Dean's letter from NWCU which should address the history, mission, size, and faculty qualifications of NWCU, so I will not address that here."

Batterson argues that the ABA is in the process of reviewing its accreditation procedures in light of the increase in the delivery of education via the internet, and that the standards for admission to the State Bar of Georgia should be changed in order to provide the opportunity for nontraditional students to sit for the bar exam. Certainly, this Court is cognizant that current technology has provided additional means by which students may pursue a legal education, and students such as Batterson are not precluded from admission to the bar. The Board's procedures provide the opportunity to show good cause that the traditional educational requirements should be waived. Batterson's petition was denied because she did not provide what the Board expressly required, and thus, she failed to show by clear and convincing evidence that the rule requiring a first law degree from an ABA-accredited law school should be waived on her behalf. *In the Matter of Domantay*, supra. Accordingly, this Court cannot find that the Board abused its discretion in denying Batterson's request for a waiver.

*Denial of waiver affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 2009 —
RECONSIDERATION DENIED DECEMBER 15, 2009.

*Thurbert E. Baker, Attorney General, Rebecca S. Mick, Senior Assistant Attorney General, Sarah E. Lockwood*, for Office of Bar Admissions.