# Court of Appeals
# of the State of Georgia

ATLANTA,  September 21, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0081. IN RE DECLARATION OF JUDICIAL EMERGENCY.**

The appellants[1] in this case appeal the July 24, 2020 "Order Designating 401 Walton Way & Craig-Houghton Elementary as The Augusta-Richmond County Judicial Center John H. Ruffin, Jr. Courthouse Annexes For The Conduct of Judicial Business" (hereinafter, "the Order") issued by Chief Judge Carl C. Brown, Jr., Superior Court Augusta Judicial Circuit. The Order was issued in response to the declaration of a statewide judicial emergency by the Chief Justice of the Georgia Supreme Court pursuant to OCGA § 38-3-60 et seq.

In their appeal, the appellants essentially claim that the Order's mandates, including directives to annex, renovate and fund certain properties for courtroom use, exceed the scope of judicial authority provided for in the statutes, specifically OCGA § 38-3-61.[2] Judge Brown, however asserts, among other things, that the authority to issue such directives falls within the inherent judicial powers given to trial courts to carry out judicial functions. See Ga. Const. of 1983, Art. VI, Sec. I, Par. I (the judicial powers of the State of Georgia shall be vested in a Supreme Court and other courts).

The inherent power of the courts is a principle arising from the

---

[1]  Individually, the appellants are the City of Augusta, Hardie Davis, Jr., Mayor, and William Fennoy, Dennis Williams, Mary Davis, Sammi Sias, Bobby Williams, Ben Hasan, Sean Frantom, Brandon Garrett, Marion Williams, John Clarke, Commissioners.

[2] During a judicial emergency, the statute authorizes the Chief Judge to, among other things, "designate another facility, which is reasonably accessible and appropriate, for the conduct of court business." OCGA § 38-3-61 (c).

doctrine of separation and equality of the branches of government. This power includes the authority to perform any function reasonably necessary to effectuate the court's jurisdiction, improve the administration of justice, and protect the judiciary as an independent department of the government. Although the legislative branch may assist in the exercise of the judiciary's inherent power, a legislative act may not limit an inherent power.

(Citations and punctuation omitted.) *In re Oliver*, 261 Ga. 850, 851 (1) (413 SE2d 435) (1992). See also *Grimsley v. Twiggs County*, 249 Ga. 632, 633-634 (3) (292 SE2d 675) (1982) ("As a narrower precept of law, the statute cannot give birth to the broader precept of inherent power. The statute is a rule while inherent power is a principle. . . . As such it may not be limited by the legislative branch.").

The Georgia Court of Appeals has only "limited jurisdiction to review constitutional questions[.]" (Citation and punctuation omitted.) *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018). The question at issue in this appeal involves resolution of the constitutional inherent powers of courts to carry out judicial functions. Thus, we conclude that the present appeal should be transferred to the Georgia Supreme Court, which has exclusive jurisdiction over "[a]ll cases involving the construction of . . . the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1); see also *Atlanta Independent School System v. Lane*, 266 Ga. 657, 657 (1) (469 SE2d 22) (1996).

While we acknowledge that the question of appellate jurisdiction is subject to differing reasonable conclusions, we note that the Supreme Court has "the ultimate responsibility for construing the constitutional provisions regarding appellate jurisdiction." *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996). We also acknowledge that OCGA § 38-3-64 (c) provides in pertinent part that an appeal of an order declaring the existence of a judicial emergency "shall

be heard immediately by the Georgia Court of Appeals under the procedure of emergency motions." However, we have reviewed this appeal in an expedited manner, and have determined that the case involves constitutional questions that must be resolved by the Supreme Court, necessitating the transfer of this appeal to that Court.

For the foregoing reasons, this appeal is hereby TRANSFERRED to the Georgia Supreme Court for disposition.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  09/21/2020*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*