311 Ga. 734
FINAL COPY

S21Z0101.  IN THE MATTER OF JENNY LINDSAY.

PER CURIAM.

Jenny Lindsay appeals the denial by the Board of Bar Examiners ("Board") of her petition for waiver of certain educational eligibility requirements prescribed under the Supreme Court of Georgia Rules Governing Admission to the Practice of Law ("Rules"). For the reasons discussed below, we conclude that the Board did not abuse its discretion in denying Lindsay's waiver petition.  Therefore, we affirm.

Lindsay was educated at De Montfort University in Leicester, United Kingdom and is licensed to practice law in England, Wales, and parts of the Caribbean.  In the fall of 2018, she enrolled in an LL.M. program at Emory University School of Law ("Emory").  Following the completion of her LL.M. program, Lindsay sought to apply to take the Georgia Bar Exam.

All applicants seeking to take the Georgia Bar Exam are required, among other things, to satisfy various educational

requirements as a condition of eligibility to take the exam. See generally Rules, Part B, § 4. One such requirement is the conferral of a professional degree in law — i.e., a J.D. or an LL.B. — from a law school approved by the American Bar Association ("ABA"). See id. at § 4 (b) (1). For lawyers educated outside of the United States, the Rules provide that the requirement of § 4 (b) (1) may be satisfied if the lawyer (1) "[r]eceived his or her legal education and graduated from a foreign law school" meeting certain criteria; (2) "[i]s authorized to practice law in a foreign jurisdiction"; and (3) has been awarded an LL.M. by an ABA-approved law school. See id. at § 4 (c). In addition, for all applicants, the Rules provide that "[a]n applicant shall not be permitted to take the examination unless evidence is first received directly from the schools involved showing that he or she meets the educational requirements of these Rules." Id. at § 4 (d). The "evidence" so required must be in the form of an official transcript. See id.[1] Thus, the Rules require both the fulfillment of the educational

---

[1] The "official transcript" requirement is subject to an exception for recent graduates, but this exception does not apply here.

requirements and the corresponding documentation in the form of an official transcript.

Lindsay was unable to obtain an official transcript from Emory by the published deadline for the Bar Exam she sought to take, which was administered in October 2020.[2] As detailed in Lindsay's waiver petition, she was involved in a dispute with Emory, which arose after she was involuntarily withdrawn from a mandatory contracts class for failure to comply with the class attendance policy. Lindsay filed a grievance — which was ultimately unsuccessful — and she maintained that this dispute remained unresolved and warranted her nonpayment of university fees. Although Lindsay was ultimately permitted to register for courses and apparently completed her degree requirements, she continued to withhold payment, and a hold was placed on her student account. As a result of the hold, Emory's Registrar refused to release Lindsay's official law school transcript, and she missed the applicable deadline for submission of her

---

[2] The bar exam typically administered in July was postponed twice in 2020 due to the COVID-19 pandemic; it was first postponed to September 2020 and then again to October 2020.

transcript to the Office of Bar Admissions, which made her ineligible to take the October 2020 Bar Exam.

Consequently, Lindsay submitted a petition to the Board for a "waiver of the educational requirements of the Bar Examinations and/or the official transcript."[3] In her petition, Lindsay contended that there was good cause to waive the educational requirements due to her legal education and "long years of practical legal service in common law jurisdictions," and because her inability to obtain an official law school transcript was the result of Emory's "recalcitrant disregard" for her "civil, human, and constitutional rights." Lindsay detailed at length her experience in the practice of law in the United Kingdom and the Caribbean and her efforts to resolve the dispute with Emory. Contending that these factors established good cause for a waiver, Lindsay proposed that a waiver could take one of three forms: (1) a waiver of the transcript requirement altogether; (2) the substitution of an unofficial transcript for the official transcript; or (3) the filing of an

---

[3] While Lindsay's petition stated at one point that she was seeking a "Waiver of the Bar Examinations," the petition, construed as a whole, does not appear to have been requesting a waiver of the examination itself, and the Board did not construe it that way.

4

official transcript "after court proceedings and/or amicable settlement."

The Board denied the petition. In its denial letter, the Board stated that Lindsay

> did not satisfy [her] burden of demonstrating good cause for waiver of the clearly posted transcript deadline and . . . failed to demonstrate good cause for waiver of the requirement that [she], as a lawyer educated at a law school located outside the United States and its territories, [was] awarded, by a law school fully approved by the American Bar Association, an LL.M. degree for the Practice of Law in the United States in a degree program that meets the Board's requirements. See [Rules], Part B, [§] 4 (c).

This appeal ensued.

As a preliminary matter, this Court has the inherent authority to set requirements for the admission to practice law in the State of Georgia. See *In re Oliver*, 261 Ga. 850, 851 (2) (413 SE2d 435) (1992). "[A]dmission to the State Bar is governed by the Rules promulgated by this Court, which place the burden on the applicant to establish the fitness to practice law." *In re G. E. C.*, 269 Ga. 744, 745 (1) (506 SE2d 843) (1998). The Board may waive any of these Rules, including the educational eligibility requirements to sit for the Bar Exam, "for good

5

cause shown by clear and convincing evidence." Rules, Part F, § 5. The good cause standard for a waiver is flexible and judged according to the circumstances of the individual case. See id. at 745 (2).

According to the Board's published Waiver Process and Policy,[4] the Board considers waivers of the educational requirements on a case-by-case basis. Applicants for a waiver of educational requirements are required, among other things, to submit a "Dean's letter" that "analyz[es] the legal education [the applicant] received and stat[es] whether or not it is the equivalent of an ABA-approved legal education." See Waiver Process & Policy. The Board has published detailed guidelines for the content of such a Dean's letter.[5]

---

[4] See https://www.gabaradmissions.org/waiver-process.

[5] The Board has provided the following guidelines regarding the scope of a Dean's Letter (available at https://www.gabaradmissions.org/dean-letter):

1. The Dean's [L]etter is one of the eight kinds of information that the Board uses in considering [(a) the educational background of the applicant; (b) the quality of the applicant's educational achievements; (c) the applicant's substantive employment history; and (d) the career goals of the applicant]. The Dean's [L]etter is particularly relevant to criteria (a) and (b). Therefore, the focus of the [D]ean's [L]etter should be an analysis of the law school education received by the applicant as compared to an ABA-approved legal education pursuant to the ABA Standards for Approval of Law Schools, particularly the Standards on the Program of Legal Education (Standards 301-306).

Here, it appears that Lindsay was requesting either (a) a waiver

---

2. If the [L]etter is from the designee of a [D]ean, the [L]etter should state the fact of the designation and be signed by both the [D]ean's designee and the [D]ean. If the Dean's Letter does not bear the signature of the [D]ean, the Board of Bar Examiners require[s] a separate letter from the [D]ean to the Board authorizing the designee to submit the Dean's Letter.
3. The [D]ean or professor should include a statement of his or her academic, teaching, and administrative experience;
4. The analysis of the legal education received should include:
> (a) Information about the non-ABA-approved law school, its history, mission, size, admission and Bar passage data (if applicable);
> (b) Composition, number, and qualifications of the faculty;
> (c) Course Materials used;
> (d) Areas where the non-ABA-approved school does not meet the ABA Standards (e.g., library resources, physical facilities, non-common law curriculum);
> (e) Courses taken by the applicant;
> (f) Grades earned by the applicant;
> (g) Whether the school offered the applicant the opportunity to participate in such activities as Moot Court, law journal, legal practice clinics, externships, pro bono activities, other skills training; whether the applicant in fact participated in such activities; if so, the achievements earned by the applicant.
5. The Board of Bar Examiners expects that all applicants who petition for an educational waiver are exceptional individuals. The charge to the Board of Bar Examiners from the Supreme Court of Georgia is to assess the competence of each applicant for admission to practice in Georgia, not to inquire into the character and fitness of the applicant. That is the province of the Board to Determine Fitness of Bar Applicants. The Dean's [L]etter, therefore, should not focus on the personal character and qualities of the applicant.
6. At the conclusion of the analysis of the law school education received by the applicant as compared to an ABA-approved legal education, the [D]ean or professor should state whether or not the education received was equivalent to an ABA-approved legal education.

of the official transcript requirement — i.e., a waiver of the *documentation* required to establish her fulfillment of the educational requirements in one of the three ways she suggests in her petition; or (b) a waiver of the *actual* educational requirement that she receive an LL.M. from an ABA-approved law school, if she was unable to document her fulfillment thereof by providing official documentation. On appeal, the Board's denial of these waiver requests will be affirmed absent an abuse of discretion. See *In re G. E. C.*, 269 Ga. at 744.

With regard to the transcript requirement, Lindsay asserts that she "made every attempt" to obtain her transcript from Emory and that the substance of her dispute with Emory demonstrates the good cause warranting a waiver of the transcript requirement. The record indicates that Lindsay failed to pay the outstanding amounts on her student account, which prevented Emory from releasing her transcript. Although Lindsay reached out to Emory's Dean on the day of the transcript deadline, that deadline passed. We see no abuse of discretion in the Board's refusal to second-guess Emory's decision not to release Lindsay's transcript or in the Board's refusal to waive the

8

requirement that she provide proof of the conferral of her LL.M. degree by the published deadline.

With regard to Lindsay's request that the Board waive that educational requirement altogether, we also see no abuse of discretion. It is undisputed that Lindsay did not submit a Dean's letter conforming to the Board's guidelines.[6] Lindsay argues that there is good cause for a waiver because she is in good standing in foreign countries; is an LL.M. graduate of Emory;[7] has no history of criminal conduct or professional malfeasance; has passed the Multistate Professional Responsibility Examination; has worked in law firms and commenced her own practice in foreign countries; and has attended the Hugh Wooding Law School in Trinidad.

However, we see no abuse of discretion in the Board's determination that Lindsay's own assertions about her education and

---

[6] In her brief and an attached affidavit, Lindsay states that, as a result of communications with the Office of Bar Admissions, she has undertaken efforts to obtain a "comprehensive" Dean's letter. We note that, if Lindsay does obtain a proper Dean's letter in conformity with the Board's published guidelines, the Rules do not appear to prohibit her from filing a second waiver petition.

[7] Despite the absence of an official transcript, Lindsay's waiver petition did attach what purports to be an e-mail from Emory's Dean, confirming that "[Emory's] Registrar was able to certify [Lindsay's] graduation."

experience are not a proper substitute for the Dean's letter and thus that Lindsay failed to establish good cause for a waiver of the educational requirements. See *In the Matter of Batterson*, 286 Ga. 352, 353-354 (687 SE2d 477) (2009) (no abuse of discretion in denying a petition for an educational waiver where the applicant submitted a Dean's letter containing only general conclusions that the applicant's education was equal to the requirements of an ABA-approved school).

*Denial of waiver petition affirmed. All the Justices concur.*

Decided June 1, 2021.

Bar exam, educational requirements.

*Heidi M. Faenza, Rebecca S. Mick; Christopher M. Carr, Attorney General, Russell D. Willard, Senior Assistant Attorney General, Elizabeth T. Young, Assistant Attorney General*, for Office of Bar Admissions.

Jenny Lindsay, *pro se.*