312 Ga. 875
FINAL COPY

S21Z1222. IN THE MATTER OF MEGAN KATE ANDREWS.

PER CURIAM.

Megan Kate Andrews appeals the decisions of the Georgia Board of Bar Examiners denying her application for admission to the State Bar of Georgia on motion without examination, as well as her request for a waiver of Part F, Section 8 of the Supreme Court of Georgia Rules Governing Admission to the Practice of Law (the "Rules"). Because Andrews did not timely appeal the Board's denial of her application for admission on motion without examination, we are without jurisdiction to consider whether the Board erred in issuing that decision. Additionally, because the record supports the Board's conclusion that Andrews failed to demonstrate good cause by clear and convincing evidence that the Board was authorized to waive Part F, Section 8 of the Rules, we hereby affirm the Board's denial of Andrews's waiver request.

1. *Factual and Procedural Background.*

Andrews was admitted to the New York Bar by examination in September 2015. On February 22, 2021, Andrews applied to be admitted to the Georgia Bar on motion without examination based upon Georgia's reciprocity with New York for admissions purposes. In her application, Andrews asserted that since her admission to the New York Bar in 2015, she had practiced law for five years and six months.

On February 23, 2021, the Board requested that Andrews provide additional information explaining her law practice over this time period, including what types of cases or legal matters she handled and how much time was spent on the actual practice of law, as opposed to administrative duties. In response, Andrews provided an explanation and summary of her law practice between 2015 and 2021, including her work in the following positions: (1) general counsel for New York State Senator Phil Boyle from September 2015 until January 2017; (2) Senior Policy Analyst with the Georgia General Assembly Senate Research Office from January 2017 until

2

October 2018; and (3) Director of Government Relations at the Georgia Department of Public Health from October 2018 to present.[1]

On March 23, 2021, the Board issued a denial of Andrews's application on the ground that she was not "primarily engaged in the active practice of law for five of the seven years immediately preceding" the date upon which her application was filed as prescribed in Part C, Section 2 (e) of the Rules.

On April 12, 2021, Andrews sent a letter to the Director of Bar Admissions, seeking a waiver of Part F, Section 8 of the Rules ("waiver request"). Andrews based her waiver request on the following grounds: (1) the Board purportedly did not have sufficient time to formally review the merits of her case; (2) the Board did not give her an opportunity to be heard on the merits of her application prior to the issuance of a denial; and (3) an appeal to this Court was unnecessary in light of the ongoing public health emergency, the

---

[1] We note that Andrews appears to be asserting that she has actively practiced law in Georgia from January 2017 to the present without being licensed to practice law in this state. See OCGA § 15-19-51; State Bar Rules Part XIV.

backlogged court system, and the Board's ability to directly resolve the matters at issue. Andrews also sought reconsideration of the Board's denial of her application for admission on motion without examination, a formal hearing before the Board with the opportunity to present testimony from previous employers, and a stay of the 30-day appeal window during the pendency of the Board's consideration of Andrews's waiver request.

On June 11, 2021, the Board denied Andrews's waiver request, concluding that she "showed insufficient cause for waiver of Part F, Section 8." On July 7, 2021, Andrews appealed the Board's denials of her application for admission on motion without examination and her waiver request to this Court.

2. *Application for Admission on Motion without Examination.*

As noted above, Andrews applied to be admitted to the Georgia Bar on motion without examination on February 22, 2021, and the Board issued a final determination denying Andrews's application on March 23, 2021. Section 8 (a) of Part F of the Rules provides that

[u]pon being notified by . . . the Board of Bar Examiners of any final determination by that Board (with the exception of bar exam results), an applicant may appeal the decision to the Court for review. To secure the appeal, the applicant must, . . . within thirty days of notification of the final determination by the Board of Bar Examiners, file a written notice of appeal with the Office of Bar Admissions and with the Clerk of the Supreme Court and must serve a copy of the notice of appeal on the Attorney General of Georgia. The Office of Bar Admissions shall then prepare the complete file, which shall be confidential, for delivery to the Clerk.

Andrews did not appeal the Board's final determination to this Court within 30 days as prescribed by Part F, Section 8 of the Rules. Instead, Andrews sent a waiver request to the Board, seeking a waiver of this Rule. However, the Board has no authority to stay the appeal window or to extend the timeframe for an applicant to file an appeal of a final determination in this Court, as the Board cannot alter this Court's jurisdictional rules.

Therefore, because Andrews failed to timely appeal the Board's denial of her application under Part F, Section 8 of the Rules, this Court is without jurisdiction to consider the merits of this issue on appeal, and this portion of Andrews's appeal is dismissed.

3. *Waiver Request of Part F, Section 8 of the Rules.*

Andrews contends that the Board abused its discretion in denying her request for a waiver of Part F, Section 8 of the Rules for the following reasons: (1) the Board did not have sufficient time to formally review the merits of her case;[2] (2) she was not provided an opportunity to be heard by the Board on the merits of her application prior to the issuance of the decision denying her application;[3] and (3) courts throughout the state are strained by the ongoing public

---

[2] Andrews asserts that after she initially filed her application for admission on motion without examination on February 22, 2021, the Board sent her a request on February 23, 2021, asking that she provide additional background information regarding her law practice over the past seven years. Andrews states that she provided this information to the Office of Bar Admissions within approximately one week. Andrews asserts that she received a follow up inquiry from the Office of Bar Admissions on March 23, 2021, requesting the documentation again, and after providing the documentation within the hour, she received a denial of her application from the Board a few hours later.

[3] Andrews concedes that formal hearings are not generally required by the Rules on applications for admission on motion without examination. However, she asserts that giving her an opportunity to "formally present the merits of her application, including testimony from previous employers about whether they viewed [her] employment as providing legal advice or services to their organization" would have provided "meaningful context to assist the Board in making a sound determination."

health emergency and an appeal to this Court was unnecessary. We find no merit to these contentions.

Pursuant to Part F, Section 5 of the Rules, the Board may waive any of its rules "for good cause shown by clear and convincing evidence." The burden is on the applicant to establish good cause for a waiver. Our Court reviews the Board's decision to deny a waiver request for an abuse of discretion. See *In re G. E. C.*, 269 Ga. 744, 744 (506 SE2d 843) (1998) (identifying no abuse of discretion in refusing a waiver). See also *In the Matter of Lindsay*, 311 Ga. 734, 737 (859 SE2d 96) (2021) ("On appeal, the Board's denial of these waiver requests will be affirmed absent an abuse of discretion.").

We conclude that the Board did not abuse its discretion in denying Andrews's waiver request as there was ample support in the record for refusing a waiver. Further, as explained above, the Board is without authority to extend the applicable time limits imposed by this Court on when an applicant must file an appeal for our review. Additionally, Andrews failed to present any authority in support of her contention that the Board abused its discretion in

failing to grant her a hearing. No such hearing is required by or even contemplated under the Rules.

We also note that on appeal, Andrews attached several letters to her appellate brief that were written by individuals familiar with her work experience, but these letters were drafted in July 2021, after the Board issued its decisions denying her application and waiver request. Andrews did not submit any additional information to the Board when she submitted her waiver request in April 2021 in support of her claim that reconsideration of her application for admission on motion without examination was warranted. The letters from Andrews's current and former employers attached to her briefing in this appeal were not part of the record transmitted to this Court by the Board and are not properly before this Court for consideration.

Accordingly, for the reasons set forth above, we affirm the Board's decision to deny Andrews's waiver request.

*Appeal dismissed in part and decision affirmed in part. All the Justices concur.*

Decided November 23, 2021.

Bar admissions; waiver request.

*John A. Earles, Rebecca S. Mick, Kevin C. Wilson; Christopher M. Carr, Attorney General, Russell D. Willard, Senior Assistant Attorney General, Bryan K. Webb, Assistant Attorney General*, for Office of Bar Admissions.